Pearson, J.
 

 According to the English authorities, if a legacy be given to A. and B., they are joint tenants, and by the right of survivorship, if A. dies in the life time of the testator, B. takes the whole. But, if it be given to A. •and B., to be
 
 equally divided
 
 between them, they are tenants in common, and there is no right of survivorship; so ■that if A. dies in the life time of the testator, his is a lapsed legacy, and B. has only the one half.
 

 In this case, the testatrix directs a division between the legatees, Jane, Robert and John Lewis, as tenants in com-anon, and he adds a provision for survivorship. This sur-vivorship, however, is not absolute and unqualified, but is to take place only in the event, that one of the three dies before arriving at the age of twenty one, unmarried and without a child living at the time of his or her death.
 

 If Jane had survived the testator, her brothers, Robert and John, would not have been entitled to her share ; because she had arrived at the age of twenty
 
 one,
 
 which event excluded the right of survivorship, as provided for in the will. Allow to them the same right of survivorship, so as to prevent a lapse of the legacy intended for Jane, she •having died in the life time of the testator, they can take nothing under that right, because it was only to have effect in the event of her dying before arriving at the age o* twenty one, which event did not occur; and, therefore,
 
 *187
 
 the survivorship, provided for in the will, did not arise, and the part intended for her is consequently undisposed of, and passes under the residuary'clause — one third to Charles L. Hinton, one third to Robert and John Lewis, representing their mother; and the other third to the children of Mrs.. Miller.
 

 . It is not necessary to advert to the fact, that Jane nofc only arrived at the age of twenty one, but married; which is another circumstance to exclude survivorship; nor to. the fact, that, in the division, she was to have one thousand dollars more than her brothers. This has no bearing on the question of survivorship.
 

 Our attention was called in the argument to the case of
 
 Petway
 
 v
 
 Powell, 2 Dev.
 
 and Bat. Eq., 308. There, the legacy was given to the children of A. — two would answer this general description as well as three, and the death of one in the life time of the testator would make no difference. The case has no bearing on our question. If a legacy be given to “ the three children of A.,” or “ to Jane, Robert and John Lewis, my grandchildren,” the individuals are identified and “ selected out,” so that they take as individuals, and not as a class.
 

 It may be, that, if the testator had foreseen this result, he would have provided for it. All that we can do is, to construe the will according to the legal import of the words; used.
 

 Per Curiam. Decree accordingly.