Battle, J:
 

 The questions arising upon the construction of the will of Ann Taney, will be considered by us in the order in which they are presented in the pleadings.
 

 1. The first question arises upon the following clause, “I give and bequeath to my grand-daughter, Frances Ann Mc-Aden, the following slaves, to wit, Grandison, &c. These
 
 *299
 
 slaves I bequeath to ber for life, with remainder to her children, if she should ever have any, if not, then to her brothers, &c.” The legatee having died in the life-time of her grandmother, it is clearly settled hy the cases of
 
 Simmons
 
 v.
 
 Gooding,
 
 5 Ire. Eq. 382, and
 
 Roach
 
 v.
 
 Knight,
 
 Bush. Rep. 103, that the remainder shall take effect in her brothers.
 

 2. The second question is presented upon the fourth clause, which is as follows : “ I give and bequeath to my daughter Ann Elizabeth Yancy, the tract of land on which I now reside, &c., to have the same during her life only; and after her death, I give it to her children, if she have any ; and in default of children, then to my grand-daughter Frances Ann Me Aden. I direct that said land shall be received by my said daughter at valuation; the valuation to he ascertained by three competent persons to be chosen by my said daughter and my executor ; but on estimating- the value, my will is, that the buildings, viz., the dwelling-house and necessary out-houses shall not he included.” The dispute between the parties, whether the valuation of the land, exclusive of the houses, shall be of the fee simple interest, or only of the devisee’s life-estate, must unquestionably be decided in favor of the former. It is a fundamental rule in the construction of a will, that the intent of the testator, to be ascertained by an examination of all its parts, shall prevail, provided it is consistent with the established rules of the law. Here, it is manifest that the testatrix, in the distribution of her property among her living children and the children who had died, intended an equality, or an approximation to it, as between the different families. It is equally clear that she wished to provide for keeping the property in the families, as long as possible, by giving to the living legatees life-estates only, with remainders to their respective children, should they have any. This policy seems to have been departed from, only in the share of the residuum given to the McAden children. The property which is thus given hy the testatrix to one of her children for life, .with remainder to the children of such devisee or legatee, was designed as a full provision for the family of such devisee or
 
 *300
 
 legatee, and consequently, the valuation to be put upon it for the purposes of the general division among all the families ought to be of the whole estate, that is, the fee simple interest in the land, and the absolute interest in the slaves.
 

 3. The third question, which relates to the valuation of the slaves, was so intimately connected with the second, that we were obliged to consider them together, and the result is already announced.
 

 4, The fourth question is presented by the following clauses : “ I also give and bequeath to my said daughter (Ann Elizabeth) two negroes, namely, Oscar and Susan, tobe taken by her at valuation, &c., to be held for and during her life only, with remainder to her children, if she should have any ; and on failure of children, then to Frances Ann McAden, during her life ; and upon her dying without children, then to her brothers and sisters.” “In the fourth clause of my will I have bequeathed to Frances Ann McAden the remainder in the slaves Oscar and Susan, after the death of my daughter Ann E.; now, my will is, that, in the division of the residue of my estate, the value of the interest given in the slaves aforesaid, to the said Frances Ann, be ascertained by the forms above specified; and that my said grand-daughter shall account for the same at valuation aforesaid as part of her share of the residuum.” The difficulty suggested in these clauses involves two subordinate questions. The first is, whether the latter clause takes away from the children of Ann Elizabeth, the contingent remainder given to them in the former; and we are of opinion that it does not; because the omission to name them is contained in a mere recital of the precedent gift for life to Ann E., and not intended to change the limitation to her children, engraft-ed upon it. The second question is, whether, as Frances Ann died in the life-time of the testatrix, her contingent interest in the said slaves will go to her brothers ; and by reference to the cases cited in the answers to the first principle question, it will be seen that the remainder will be good, whether it be a vested or contingent one. These two subordinate questions being settled, we have no hesitation in saying,
 
 *301
 
 that while the legatee Ann Elizabeth must account for the slaves in question at the value of the absolute interest in them, for the reasons already given, the McAdon children can be charged in the general division of the residue with the vhlue of their contingent interest only, just as it must have been charged against their sister had she lived. Their only interest in the said slaves is a contingent interest, and that is all which the will requires to be valued.
 

 5. The fifth question relates to the residuary bequest which, after dividing the residue of the estate into five parts, and assigning a part to each of the three living daughters of the testatrix, and' a part to her grand-daughter, Ann E. Yancy, concludes thus : “ and the remaining fifth part I give to the children of my deceased daughter Frances McAden, namely, Bartlett Y. McAden, Bufus McAden, John II. McAden and Frances Ann McAden, to be equally divided between them.” This question presents the enquiry, whether, if one of several legatees of a fund, being brothers and sisters, die in the lifetime of the testatrix, his or her share will lapse and thereby fall into the residuum, or will survive to his or her brothers and sisters. For the latter construction it is contended that the brothers and sisters take as a class, as the children of a deceased parent, and that, therefore, if one die before the testatrix, the survivor will take as representing the class ; and for this the counsel has referred to the case of
 
 Simms
 
 v.
 
 Garrot,
 
 1 Dev. and Bat. Eq. 393. Had the will given the property to the children of Frances McAden, deceased, without naming them, then they could have taken as á class only, and the argument would have been unanswerable ; but by naming them they became legatees individually, and the death of one in the life-time of the testatrix must be attendecj by the usual result of a lapse. Thus, in the case of
 
 Knight
 
 v. Gould, 2 Myl. and Keene’s Rep. 295, it was said by the Lord Chancellor, “ A bequest to children living at the testator’s death, is, on all hands, admitted to be a bequest to the class, and it survives to those who shall answer the description by surviving the testator. Then, why not also a bequest to executors ? But
 
 *302
 
 itis said, tbe words
 
 1
 
 hereinafter named’ are added, and thatthese words added to a bequest to ‘ children’ would make the description cease to bo that of a class. Assuredly it would, because such words are used for the very purpose of specifying certain of the children, and therefore, they must expressly exclude the supposition of a class being intended, &c.” The consequence is, that the brothers of Prances Ann McAden are entitled to only a fifth part of their deceased sister’s share of the residue.
 

 6. The sixth, and last question, is one which wo cannot answer ; because, upon the present bill, we are not at liberty to give any direction in relation to the slaves bequeathed to the testatrix’s grand-daughter Ann E. Taney. "When her guardian shall attempt to remove her slaves beyond the limits of the State, the other legatees who have a contingent interest in such slaves, may proceed as they may be advised, to have such interest secured to them.
 

 A decree may be drawn in accordance with this opinion, and the executor must pay all the costs out of the assets of the estate in his hands.
 

 Pee CueiaM. Decree accordingly.