JULY .TODD and others *v.* S. S. TROTT, Administrator, &c.

Testator died in 1869, leaving a will, made in 1858, by which he directed "all my negroes, July," &c., (naming them—*seven*) "to be removed and settled in some free State"; and to meet the expenses of removal, bequeathed to his executors $800, and in same clause provided: "Should there be any balance of the trust fund herein created, remaining, after paying the expenses of the removal of my slaves, as aforesaid, then to pay over such balance to my said slaves, to be equally divided among them". Two of the slaves died, unmarried and without issue, before the testator: *Held,*

1. Notwithstanding the slaves were emancipated in a way other than that anticipated by the testator, and were not compelled to *remove,* they are entitled to the legacy.

2. The legacy being to the individuals of the class *nominatim,* and not to the class as such, the shares of the two who died before the testator, did not survive to the others, but lapsed.

(*Hayley* v. *Hayley,* Phil. Eq., 180 ; *Shannonhouse* v. *Whedbee,* Id. 283; *Robinson* v. *McIver,* 63 N. C. 645, cited and approved.)

Action for a legacy, submitted upon facts agreed, to *Cloud, J.,* at Fall Term 1869 of Rowan Court.

The testator, Thomas Todd, died in August 1869, leaving a will, published January 16th 1858, and duly admitted to probate &c.; and the defendant was thereupon appointed administrator *cum testamento* &c. Two of the slaves mentioned in the will died before the testator. The legacy in question was given in the following terms :

Todd *et al. v.* Trott, Adm'r. &c. ·

" It is my will and wish that all my slaves be emancipated and released from servitude, but knowing that this cannot be accomplished without their removal from this State, I declare it to be my will, and I hereby expressly direct my executors, that as soon after my death as it can conveniently be done, they cause all my negroes, to-wit: July &c. (naming seven), to be removed and settled in some free State or States &c.; and for the purpose of enabling my executors to carry out my will in regard to my slaves, I will and bequeath to them eight hundred dollars, to be raised out of my personal estate · &c., to be applied in the removal of my said slaves &c.; and if there should be any balance of the trust fund herein created, remaining after paying the expenses of the removal of my slaves as aforesaid, then to pay over said balance to my said slaves, to be equally divided among them" &c.

The questions in difference were :

1. Whether the plaintiffs were entitled to any part of the eight hundred dollars; and

2. Whether, if so entitled, to the whole amount, or only to *five-sevenths* thereof.

His Honor gave judgment for the plaintiffs, for *five-sevenths* of the money.

Appeal by the defendant.

*Clement,* for the appellant.
*Boyden & Bailey, contra.*

1. Upon the first question, they cited *Hayley* v, *Hayley,* Phil. Eq. 180; *Shannonhouse* v. *Whedbee,* Ib. 283; *Robinson* v. *McIver,* 63 N. C. 645.

2. The legacy of the *balance* is "to my said slaves, to be equally divided between them," *i. e., to a class. Simms* v. *Garrett,* 1 D. & B. Eq. 293; *Mebane* v. *Womack,* 2 Jon.

Eq. 293; *Whedbee* v. *Shannonhouse,* (above) *Knight* v. *Gould,* 2 My. & K., 295, 2d Redf. Wills, 499, &c., 1 Jarm. Wills, 304.

The naming of the slaves occurs only in a preceding part of this item of the will.

SETTLE, J. Two questions are raised by the pleadings:

1. Whether the plaintiffs are entitled to the whole or any part of the legacy or trust fund of $800, specified in item 2, of the last will and testament of Thomas Todd.

2. Whether the plaintiffs are entitled, if entitled at all, to only five sevenths, there having been seven slaves named in the will, and two of the seven having died before the testator.

We think that both questions are determined beyond doubt, by the adjudications of this Court.

It is evident that the primary object of the testator was to liberate his slaves, and to make such provision for them, in their new and changed condition, as would enable them to make a support.

It is immaterial how they obtained freedom. Although it was accomplished in a manner not contemplated by the testator, when he published his will, it would be a work of supererogation, after the decisions in *Hayley* v. *Hayley,* Phil. Eq. 180, *Shannonhouse* v. *Whedbee,* Id. 283, and *Robinson* v. *McIvor,* 63 N. C. 645, to adduce arguments to show that the plaintiffs are entitled to recover *something* in this suit.

Are they entitled to the entire trust fund, to-wit: $800, or only to five sevenths of that amount?

The important portions of the will, so far as this question is involved, are as follows: "·I declare it to be my will and I hereby expressly direct my Executors, that as soon after my death as it conveniently can be done, they cause all my negroes, to-wit: July, &c., (naming seven) to be removed and settled in some free State or States, &c." For the purpose of enabling his Executors to carry out his will in regard

to his slaves, he says, " I will and bequeath to them ($800) eight hundred dollars to be held by them in trust, and applied in discharge of their expenses in the removal of my said slaves to a free State or States, or to Liberia, as the case may be, and if there should be any balance of the trust fund herein created, remaining after paying the expenses of the removal of my slaves as aforesaid, then to pay over such balance to my said slaves, to be equally divided among them."

Two of the persons named in the will, to-wit, Bob and Parker died unmarried and without issue, in the life time of the testator.

It will be observed that he not only names the objects of his bounty *seriatim*, but directs his executors to pay over the balance to his said slaves, " to be equally divided among them." Had this fund been given to his slaves as a class without naming them, they would undoubtedly have been entitled to the whole; but by naming them they become legatees individually. Suppose after publishing his will, the testator had purchased other slaves. Would they have been entitled to any part of this fund ? The argument was that the slaves were entitled as a class; if so, the bequest to July, Bob, Tom, Lennon, Eliza, Rachel and Parker, must have opened in the case supposed, to receive the newly purchased slaves.

The statement carries its own answer. Persons named specifically in a will do not take as a class, but individually ; therefore the legacies to Bob and Parker lapsed, and must go to the next of kin.

The clerk will tax the costs in this action against the defendant.

Per Curiam.                    Judgment affirmed.