## WHITAKER v. JENKINS.

(Filed May 23, 1905)

*Ejectment—Answer—Tenants in Common—Adverse Possession—Provision for Maintenance—Examination of Defendant—Demurrer.*

1. In actions of ejectment it is generally sufficient for the defendant to make a simple denial and introduce evidence of his possession in support of his denial, and it is not necessary to plead the statute specially.

2. If one tenant in common have the sole possession for 20 years without any acknowledgment on his part of title in his co-tenant, and without any demand or claim on the part of such co-tenant to rents, profits or possession, he being under no disability during the time, the law raises the presumption that such sole possession is rightful and the tenant who has been out of possession is barred of recovery.

3. An answer by a tenant in common which avers that his co-tenants abandoned the land to him, and he thereupon took sole and exclusive possession, and that he has held the possession openly, notoriously and adversely ever since, is sufficient to imply that he held the land under a claim of ownership.

4. A devise to the wife of certain land during her life, or until her three sons should become of full age, at which time the lands should belong to them, the wife to have her maintenance out of the land, if she survived that event, gives no interest or estate in the land to the wife after the sons arrived of full age and does not affect the right of the sons or any one of them to the possession.

5. The examination of the defendant taken pursuant to sections 580-1 of The Code and filed in the record, cannot be taken as a part of the answer for the purpose of passing upon a demurrer.

6. Where an answer is so framed as to raise an important issue of fact and it discloses a substantial ground of defense, a motion to strike it out as sham was properly overruled, though it may be that the answer is false.

ACTION by Jesse L. Whitaker and others against Russell Jenkins and others, heard by *Judge T. J. Shaw,* at the December Term, 1904, of the Superior Court, of BUNCOMBE County. From a judgment overruling a demurrer to the answer of the defendant, Russell Jenkins, the plaintiffs appealed.

This is a proceeding for partition. Josiah Jenkins, who owned the land, devised it as follows: "I will and devise to my wife, Martha, all the land which I now own with the full benefit of all the buildings and farm as her own right and property during her life or until her three sons, Thomas Erwin, Joshua and Russell shall come to the full age of 21 years, at which time all the land to belong to them, but if my wife should live longer than the time of their coming to age she is to have her maintenance of the land."

The three sons arrived at full age, and their mother, who survived them, died in May, 1900. Thomas and Joshua died intestate and without children, leaving as their heirs a brother and a sister who are defendants in this proceeding. By an order in the cause some of the defendants were made plaintiffs. The defendant, Russell Jenkins, denies the ten-

ancy in common, and pleads sole seisin. Plaintiff demurred. The first question raised is as to the sufficiency of the plea. In his answer, he avers that after he and his brothers were of age "he took actual and sole seisin and possession of the land and has been in open, notorious and adverse possession of the same without any demand or claim of any other claimant to rents, profits or possession for more than twenty years." He alleges that his two brothers, being unwilling to assume the burden of supporting their mother, abandoned the land more than 20 years before this proceeding was commenced and left him in the sole and exclusive possession thereof. It is further alleged that "he is and has been for more than 20 years in the sole and exclusive use and possession of the land under known and visible lines and boundaries, without demand or claim of the alleged tenants in common or those under whom they claim, or any of them, and adversely to all persons," and that neither the petitioners nor those under whom they claim have been seized or possessed of the premises within 20 years before the commencement of this proceeding. He avers that he has supported and maintained his mother from the time the title vested in the three sons of Josiah Jenkins. The court overruled the demurrer and the plaintiffs appealed.

F. W. Thomas for the plaintiffs.
Tucker & Murphy for the defendants.

Walker, J., after stating the facts: In actions to recover land, wherein the plaintiff alleges title and right to the possession, it is generally sufficient for the defendant to make a simple denial and introduce evidence of his possession for twenty years, or of his possession under color for seven years, in support of his denial. It is not necessary to plead the statute specially. Farrior v. Houston, 95 N. C., 578; Mfg. Co. v. Brooks, 106 N. C., 107; Cheatham v. Young, 113 N. C., 161. Whether this familiar principle applies to an action

between tenants in common, we need not stop to inquire, as we are convinced that the right of the plaintiffs to partition is fully denied and the defendant's sole seisin arising out of his adverse and exclusive possession for twenty years is well pleaded. In *Covington v. Stewart*, 77 N. C., 148, the court, by *Bynum, J.*, thus describes the kind of possession by one tenant of the common property which will toll the entry of his co-tenant and bar his recovery in ejectment: "The possession of one tenant in common is the possession in law of all; but if one have the sole possession for 20 years without any acknowledgment on his part of title in his co-tenant, and without any demand or claim on the part of such co-tenant to rents, profits or possession, he being under no disability during the time, the law in such cases raises a presumption that such sole possession is rightful, and will protect it. In such cases, where the tenant who has been out of possession brings ejectment, it has been held that his entry is tolled and that he cannot recover."

The averments of the answer of the defendant are as full and explicit as is the statement of the doctrine in the case just cited. We had occasion to discuss the question as to the nature of the possession of one tenant in common, which the law requires to bar the right of his co-tenant, in *Bullin v. Hancock*, at this term (50 S. E., 621). It was suggested that the defendant does not allege that, while in the possession of the land, he claimed it as his own, nor does he in so many words, but we think it is substantially alleged. He avers that his two brothers abandoned the land to him and he thereupon took sole and exclusive possession, and that he has held the possession openly, notoriously and adversely ever since. This would seem to be sufficient to imply, at least, that he had held the land under a claim of ownership.

But the plaintiff contends that if the defendant's alleged sole seisin is properly pleaded, it appears on the face of his answer that it is based solely upon his possession of the land,

and that there could be no adverse possession as to the plaintiffs until the death of Josiah Jenkins' widow in 1900, because she acquired a life estate by the terms of the devise. We cannot assent to the correctness of this proposition. The provision is that the land shall belong to her during her life or until the sons shall be of full age, at which time it shall belong to them, his wife to have her maintenance out of the land if she survived that event. The intention of the devisor is most clearly expressed. We cannot infer that he intended his wife to have an estate or even an interest in the land, when he had expressly said that it should belong to his sons, and that she should only have a maintenance. It would be straining the words of the devise to give them any such meaning. Besides, we think language similar to that used in this will, though not so clear in expressing the intention of the devisor, has been construed by this court as giving no interest or estate in the land to the person for whose support provision is made. There has apparently been some difference in the cases with respect to the nature of the provision for maintenance, whether it constitutes a charge upon the land, so that the latter can be subjected to sale for its payment, or whether it creates merely a charge upon the rents and profits. In this respect we think the cases can be reconciled, but it is not necessary that it should be done at this time, as in neither view would the widow acquire any interest or estate in the land. The sons would have the title and the right of possession—and certainly so long as the duty to maintain her was performed. In *Gray v. West*, 93 N. C., 442, the provision was: "Arey Gray is to have her support out of the land," and it was held that it only gave her a right to be supported out of the rents and profits and that she had no interest in the land and no lien thereon. To the same effect are *Misenheimer v. Sifford*, 94 N. C., 592; *Wall v. Wall*, 126 N. C., 405; *Helms v. Helms*, 135 N. C., 164. See also *McNeely v. McNeely*, 82 N. C., 183. The provision for maintenance

did not operate as a condition precedent to the vesting of the estate, nor even as a condition subsequent. It was at most only a charge in favor of the beneficiary (*Tilley v. King,* 109 N. C., 461), and could not affect the right of the sons or any one of them to the possession. Consequently the possession of the defendant, Russell Jenkins, had the legal effect of barring the rights of his co-tenants, provided it was of the character and continued the length of time required by the law for that purpose. Whether the defendant has in fact held possession of the land adversely and continuously for 20 years, is a question to be decided by the jury upon the proof and under proper instructions from the court. We only decide now that the answer, taken as a whole and without special reference to any particular one of its averments, is sufficient to raise an issue as to the defendant's sole seizin.

The defendant further contended that the examination of the defendant, taken pursuant to section 580-1 of The Code and filed in the record, should be taken as part of the answer for the purpose of passing upon the demurrer. We cannot think so. The examination is not intended by the law to be a part of the pleading, but is in its very nature simply evidence which can be used by the plaintiff in support of his allegations and which may be rebutted by the defendant. A demurrer is directed against the pleading itself and admits the truth of its averments for the purpose of testing its sufficiency, and it is perfectly clear to us that it will not lie to evidence, taken upon an examination of a defendant under section 580-1 of The Code, as it cannot be considered as a part of his answer. The plaintiff moved to strike out the answer as sham. His motion was overruled and he excepted and appealed, but did not perfect his appeal. This exception of the plaintiff is not noticed in his assignment of errors in this case. Assuming that it is before us, we do not think it should be sustained and for the reasons, among others, we have already given in passing upon the demurrer. As sub-

stantially said by this court in *Buie v. Brown,* 104 N. C., at p. 337, when discussing a similar motion for judgment, it may be that the answer is false, but, treating it as a pleading, it is so framed as to raise an important issue of fact and it discloses a substantial ground of defense.

We find no error in the rulings of the court below.

No Error.