SCHENCK, J., took no part in the consideration or decision of this case.
Civil action under the Uniform Declaratory Judgment Act (Public Laws 1931, ch. 102) for construction of portions of the will of William E. Holt, deceased.
Pertinent facts alleged by plaintiff, and admitted by all parties and found by the court below, are substantially these: William E. Holt, a resident of Davidson County, North Carolina, died on 26 May, 1917, leaving a last will and testament in which, after providing in item two dower for his wife in all real property of which he may die seized, and for equal division of the remainder of his real property among his children, or the heirs of the body of any child who may be dead, it is provided as follows: "Third: I give and bequeath all the remainder of my estate to my wife, Amelia L. Holt, my son, William E. Holt, and my daughters, Claudia Oates, wife of R. M. Oates, Ethel Vivian, wife of R. C. Vivian, Lois Tate, wife of R. L. Tate, Maud Maulsby, wife of D. L. Maulsby and Emily Holt, to be divided equally among them share and share alike; provided, however, that should any of my said children have no heirs of their body living at the date of the final settlement of my estate, my executors hereinafter named, shall convey such child's or children's share or shares to the Wachovia Bank Trust Company of Winston Salem, N.C. such share or shares to be held in trust by the *Page 646 
said Wachovia Bank Trust Company for such child or children; the income derived from such share or shares so trusteed to be paid to such child or children, semiannually, upon the first days of January and July in each and every year during the life of said trusteeship, but if such child or children shall have living issue born after the creation of said trust or trusts, then the trusteeship above created shall cease and determine and the corpus of such share or shares shall vest in such said child or children absolutely, but in the case any of my said children whose share or shares may have been trusteed as above provided should die leaving no heirs of their body surviving them, then the trusteeship of each share or shares shall cease and determine, and the said Wachovia Bank Trust Company shall divide and distribute any such share or shares equally among my said children surviving, or the heirs of the body of such of my said children that may be deceased, share and share alike, the child or children of any of my children that may be deceased representing and standing in the place of their parent or parents. Provided further, should my said wife, Amelia L. Holt, be living at the final settlement of my estate, my executors hereinafter named, shall convey her said share to the Wachovia Bank Trust Company, of Winston Salem, N.C. said share to be held in trust for the said Amelia L. Holt during her life and the income derived from said share to be paid to her semiannually upon the first day of January and July in each and every year during the life of said trust; and upon the death of my said wife, Amelia L. Holt, the trusteeship herein created shall cease and determine, and the aforesaid Wachovia Bank Trust Company shall divide and distribute equally the share of my said wife among my said children, the heirs of the body of any of my said children as may be deceased shall represent and stand in the place of their parent or parents . . ."
The testator was survived by his wife and all of his children, all of whom are named in the said third item of his will.
At the date of the final settlement of the estate of the testator by his executors, neither his son, William E. Holt, nor his daughter, Emily Holt Hundley, nee Emily Holt, had any heirs of the body living, and under the provisions of the third item of the will the executors conveyed to plaintiff two shares of the estate of the testator to be held in trust and administered under the provisions in said item of the will for the benefit of said two children, both of whom are now living. No child has been born to either of them and their shares in said estate are still being held by plaintiff under said item of the will.
Amelia L. Holt, wife of testator, was living at the date of the final settlement of the testator's estate and under the provisions of the third item of this will her share of said estate was conveyed by said executors to plaintiff and, since the receipt thereof, plaintiff has held the same in *Page 647 
trust under the provisions of said item of the will. Amelia L. Holt died 6 September, 1938, and the properties in said trust are now distributable in accordance with the provisions of said item.
The question has arisen as to whether under a proper interpretation of the third item of the will the respective shares of William E. Holt and Emily Holt Hundley in the properties in the said trust for the benefit of Amelia L. Holt shall be turned over to them outright, as contended by them, or shall same be added to the respective trusts now held and administered for their benefit by the plaintiff, as contended by others of the defendants.
Plaintiff prays the court to construe the will, particularly the third item, and to determine not only the rights of defendants in the distribution of the properties held in trust by plaintiff under said item of the will for the benefit of Amelia L. Holt during her lifetime, but to determine in the event either William E. Holt and Emily Holt Hundley shall die without having had issue, whether the survivor shall participate equally with the other children in the distribution of the share of the one so dying in and to the properties held in trust by the plaintiff under said item of the will for their benefits respectively.
In the judgment rendered below after reciting that: "It further appearing to the court from the evidence offered that all persons, both those in esse and those not in esse, who have, or might have, any interest or claim under or by virtue of said will have been made parties to this action; that a suitable guardian ad litem has been appointed for all the minors and persons not in esse who are parties to the action and that all persons named in the complaint as defendants have been duly served with summons and copy of the complaint," the court adjudges that: "1. In reference to the property held in trust and administered by the said Wachovia Bank Trust Company as trustee under the provisions of Item Third of said will for the benefit of Amelia L. Holt during her lifetime, the court holds that, since the death of said Amelia L. Holt, it is the duty of said trustee, after dividing the properties in said trust into six equal shares, to convey, transfer and deliver one of said shares each to William E. Holt and Emily Holt Hundley, respectively, absolutely free and discharged of any trust or contingency whatever, each of said shares to thereafter be the absolute property of the said William E. Holt and Emily Holt Hundley.
"2. In reference to the two shares of the estate of the said William E. Holt, now being held in trust for the benefit of William E. Holt and Emily Holt Hundley, by the said Wachovia Bank Trust Company, trustee, under the provisions of Item Third of said will of William E. Holt, the court holds: (a) If either the said William E. Holt or Emily Holt Hundley should have living issue, then the share now being held *Page 648 
in trust for such one so having living issue shall be conveyed, transferred and delivered to such one absolutely free and discharged of any trust or contingency whatsoever.
"(b) If either the said William E. Holt or Emily Holt Hundley should die without ever having had living issue, and leaving the other surviving, then such survivor, whether he or she shall ever have had living issue or not, shall equally participate with the other children, and the representatives of any deceased children, per stirpes, of William E. Holt, deceased, in the distribution of the share of the one so dying, and the interest of the said survivor of the two in the share of the trust estate held for the benefit of such decedent under the provisions of Item Third of said will shall be distributed to the survivor, absolutely free and discharged of any trust or contingency whatsoever.
From this judgment plaintiff and only the defendant F. Gaither Jenkins, guardian ad litem of Lois Holt Shelton, Joan Ashley, Holt Ashley, S. Lee Maulsby and Allen Farish Maulsby, minors, and any and all persons who may hereafter be born, interested in the determination of this cause, appeal to the Supreme Court and assign error.
Did the court in the judgment below properly construe the third item of the will of William E. Holt? Apparently out of abundance of caution, plaintiff in fiduciary capacity, and the guardian ad litem representing minors and unborn persons who may become interested in the estate, present this question. We are of opinion that the judgment follows the manifest intent of the testator as clearly expressed in the words used by him. The language of the will is plain English, unequivocal, and unambiguous, and there is no occasion for judicial interpretation. Wooten v. Hobbs,170 N.C. 211, 86 S.E. 811; Scales v. Barringer, 192 N.C. 94,133 S.E. 410; Williams v. Best, 195 N.C. 324, 142 S.E. 2; Bell v. Gillam,200 N.C. 411, 157 S.E. 60.
Appellants contend that the will shows an intention of William E. Holt to keep his estate in his own blood stream. As was stated by Adams, J., inPower Co. v. Haywood, 186 N.C. 313, 119 S.E. 500, in speaking to a similar factual situation, "We are not permitted to substitute a presumed intention which is at variance with the obvious meaning of the language employed."
Affirmed.
SCHENCK, J., took no part in the consideration or decision of this case. *Page 649