MARGARET W. (O.) NEWBERN, THOMAS WILSON SANDERS, HAROLD CARTWRIGHT, DANIEL CARTWRIGHT AND KIZZIE LEE v. SEATON E. BARNES AND WIFE, ALICE SNELL BARNES; DOMINICO S. MAIRORANA AND WIFE, RONOME B. MAIRORANA

No. 681SC402

(Filed 5 February 1969)

1. Appeal and Error § 28— assignment of error to conclusion of law

An assignment of error to a conclusion of law presents for review the question of whether the facts found, or admitted, support the conclusion.

**2. Wills § 43.5— devise to class or individuals**

Persons named specifically in a will, by name or other personal and particular designation, take as individuals and not as a class, unless a contrary intention appears elsewhere in the will.

**3. Wills § 43.5— devise to class or individuals**

A devise of part of testator's homeplace to two named grandchildren with proviso that if they or either of them die without lawful bodily heirs then the portion given them to go to testator's family, *is held* a devise to each grandchild individually, and not as a class, of a one-half undivided fee simple title in the designated homeplace, the title of each being defeasible upon her dying without issue.

**4. Wills § 36— estates devised — fee simple defeasible**

An estate which may last forever, but which may end upon the happening of a specified event, is a fee simple defeasible.

**5. Wills § 36— estates devised — fee simple defeasible**

A devise to a named devisee with a proviso that if the devisee should die without issue the property should go to another, transmits a defeasible fee to the first taker, and upon the death of such devisee without issue, the person or persons named to take upon the happening of the contingency take the fee.

**6. Wills § 66— lapsed devise**

Under a will devising one-half of testator's homeplace to named grandchildren with proviso that if they or either of them die without lawful bodily heirs the portion given them to go to testator's family, the devise to one grandchild who predeceased the testator without issue surviving becomes a lapsed devise upon testator's death, and where testator leaves surviving him four children and the remaining grandchild, each inherit by intestate succession one-fifth of the one-half undivided interest in the portion of the homeplace described in the devise which lapsed.

**7. Taxation § 41— foreclosure proceedings — sufficiency of notice**

Tax foreclosure proceedings, wherein service of summons was by publication upon a named person, *are held* adequate to convey to defendants' predecessors in title a fee simple absolute title to that person's one-tenth undivided interest in certain realty and a defeasible fee simple title to that person's one-half interest in the realty; but the foreclosure proceedings *are held* inadequate to affect title to certain interests (1) held by persons not named in the service of summons or (2) acquired after completion of the foreclosure proceedings.

**8. Taxation § 41— foreclosure proceedings — parties**

Plaintiffs and their predecessors in title were not necessary parties to the foreclosure of a devisee's defeasible fee interest in property where at the time of the foreclosure the happening of the event to defeat devisee's interest had not occurred and there existed a possibility that title could have ripened into fee simple absolute.

**9. Adverse Possession § 23— sufficiency of pleadings**

The fact that defendants did not specially plead title by adverse pos-

session does not prevent them from defending their title by a simple denial of plaintiff's allegations of ownership and right to possession and by the introduction of evidence of adverse possession for twenty years or of possession under color of title for seven years.

**10. Adverse Possession § 25— sufficiency of evidence**

Evidence in this action to determine ownership and possession of certain realty held sufficient to require findings upon the question of adverse possession by defendants for twenty years or under color of a commissioner's deed for seven years.

APPEAL by defendants from judgment of *Cowper, J.,* signed 7 May 1968 after trial at the 22 January 1968 Session, CURRITUCK Superior Court.

This controversy concerns the northern one-half of the Jesse Sanderson homeplace. The homeplace had been divided upon the ground by a line running generally east and west, and the southern half of the Sanderson homeplace is not involved in this action. By Item 3 of his will, Jesse Sanderson provided as follows:

"The other half of my home tract which is the northern half, I give and bequeath to my two grandchildren, Mary Sanderson and Sarah Sanderson, the children of my deceased son Nathan Sanderson but with this provise (sic), that if they or either of them die without and (sic) heir lawfully begotten by their bodies then said portion given to them shall go back to my Sanderson family."

Jesse Sanderson died in 1908, and his will was duly admitted to probate. The granddaughter, Sarah, had predeceased testator, dying in 1905 without issue surviving. The granddaughter, Mary, married one Alpine and survived until 1962, at which time she died without issue.

In 1935 Currituck County instituted tax foreclosure proceedings against the land owned by Mary Sanderson Alpine, and, by commissioner's deed dated 7 October 1938, the property described in the complaint was conveyed to defendants' predecessors in title. In the tax foreclosure proceeding service of summons by publication was ordered upon proper affidavits. The published notice was directed to "Mary Alpine and all other persons who have or claim an interest in the lands hereinafter described." This notice was duly published in *The Advance,* Elizabeth City, North Carolina.

In 1945 Jenny Sanderson, a daughter of Jesse Sanderson, died intestate without issue. In 1963 Nathan Cartwright, a grandson of Jesse Sanderson, executed a quitclaim deed conveying all of his in-

terest in the subject property to four of the plaintiffs (Newbern, Sanders, Daniel Cartwright, and Harold Cartwright).

Plaintiffs, heirs at law of Jesse Sanderson, bring this action to recover possession of the property from defendants and to remove as a cloud on their title, defendants' claim of title to the property of Mary Sanderson Alpine, which title is claimed by defendants by virtue of the tax foreclosure sale, and by adverse possession.

The trial court concluded that the devise to Mary and Sarah by Item 3 of the will was a devise of a defeasible fee to the two as a class; that Mary, as survivor of the class, succeeded to the interests of Sarah in 1905; that the service of summons by publication in the tax foreclosure proceeding was ineffective as notice to these plaintiffs and their predecessors, and that they were not duly before the court in that proceeding; and are not bound thereby; that defendants and their predecessors in title purchased only a defeasible fee which was defeated by the death of Mary Sanderson Alpine in 1962 without heirs of her body; that, upon the death of Mary Sanderson Alpine, the property reverted to the Sanderson heirs and that plaintiffs are the owners in fee of the land in controversy. Judge Cowper then decreed that plaintiffs are entitled to immediate possession of the lands in controversy.

Defendants appeal, assigning error.

*Frank B. Aycock, Jr., and Gerald F. White, for plaintiff appellees.*

*Hall & Hall, by John H. Hall, for defendant appellants.*

BROCK, J.

Defendants assign as error finding of fact number 4, all of the conclusions of law, and the entry of the judgment. Although labeled as a finding of fact, finding number 4 is a conclusion of law which in effect is the same as conclusion of law number 1; therefore, we consider assignment of error number 1 as though made to conclusion of law number 1.

[1] An assignment of error to a conclusion of law presents for review the question of whether the facts found, or admitted, support the conclusion. *Brown v. Board of Education,* 269 N.C. 667, 153 S.E. 2d 335.

By conclusion of law number 1 the trial judge decreed that the following provision of the will of Jesse Sanderson was a devise to a class, and that upon the death of Sarah the entire tract vested in Mary subject to defeasance:

"The other half of my home tract which is the northern half, I give and bequeath to my two grandchildren, Mary Sanderson and Sarah Sanderson, the children of my deceased son Nathan Sanderson but with this provise (sic), that if they or either of them die without and (sic) heir lawfully begotten by their bodies then said portion given to them shall go back to my Sanderson family."

**[2]** We hold conclusion of law number 1 to be error. Persons named specifically in a will, by name or other personal and particular designation, will take as individuals, and not as a class. *Wooten v. Hobbs,* 170 N.C. 211, 86 S.E. 811; *Mebane v. Womack,* 55 N.C. 293. Persons named specifically in a will as legatees do not take as a class, but individually, and, therefore, where a fund is bequeathed to be divided between four persons, if one or more of them die before the testator, their shares lapse to the next of kin, and the survivors take only the sums indicated by the original bequest. *Todd v. Trott,* 64 N.C. 280. The later cases show that the initial presumption that a gift to persons named in the language of gift is made to them as individuals and not as a class, notwithstanding they are also designated in general terms as by relationship and in fact constitute a natural class, generally applies to a gift by will to the children of the testator or trustor, named and also designated as such children in the language of gift. Annot., 61 A.L.R. 2d 212, 269 (1958). In the absence of a contrary intention appearing elsewhere in the will, or the surrounding circumstances, a devise to persons named in the will is a devise to them as individuals rather than a class. Annot., 61 A.L.R. 2d 212, 258 (1958).

**[3]** There is nothing in the will of Jesse Sanderson, or in the circumstances, which indicates an intent to devise to Mary and Sarah as a class. It seems to us that the use of the words "if they *or either of them* die without . . ." gives strong support to an intention to devise to Mary and Sarah *individually* rather than as a class. We hold that by Item 3 of his will Jesse Sanderson devised to Mary and Sarah Sanderson each, as individuals and not as a class, a one-half undivided fee simple title in the northern half of the Sanderson homeplace, the title of each being defeasible upon her dying without issue.

**[4, 5]** The devises to Mary and Sarah were each a devise of a defeasible fee in a one-half undivided interest to that portion of the homeplace. An estate which may last forever, but which may end upon the happening of a specified event, is a fee simple defeasible. *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205; 7 Strong, N. C. Index

2d, Wills, § 36, p. 629. A devise to a named devisee with a proviso that if the devisee should die without issue the property should go to another, transmits a defeasible fee to the first taker, and upon the death of such devisee without issue, the person or persons named to take upon the happening of the contingency take the fee. *Williamson v. Cox*, 218 N.C. 177, 10 S.E. 2d 662; 7 Strong, N. C. Index 2d, Wills, *supra*.

[6] By reason of the death of Sarah Sanderson in 1905 without issue, the devise to her became a lapsed devise upon the death of Jesse Sanderson in 1908, and as to that portion of his estate he died intestate. Jesse Sanderson left surviving him four children (Thomas, Elizabeth, Jenny, and Ella), and Mary Sanderson, the sole surviving child of Nathan, a deceased son of Jesse. Therefore upon Jesse Sanderson's death his four children and his granddaughter Mary each inherited from him a one-fifth of the one-half undivided interest in the portion of the homeplace which was described in the devise which lapsed by reason of the death of Sarah. This amounted to an inheritance by each of a one-tenth undivided interest in the whole of the portion of the homeplace which is in controversy.

[7, 8] At the time of the tax foreclosure proceedings in 1935, 1936, 1937 and 1938 Mary Sanderson Alpine, under the will of Jesse Sanderson, was the owner of a defeasible fee in a one-half undivided interest in the portion of the homeplace in controversy, and, as an heir at law of Jesse Sanderson, was the owner of the fee simple absolute title to a one-tenth undivided interest in the portion of the homeplace in controversy. As to these interests of Mary Sanderson Alpine the tax foreclosure proceedings were adequate to convey title to defendants' predecessors in title. Therefore, by virtue of the tax foreclosure proceedings, and mesne conveyances, defendants held a fee simple absolute title to a one-tenth undivided interest, and a defeasible fee simple title to a one-half interest, in the portion of the homeplace in controversy. The plaintiffs and their predecessors in title were not necessary parties to a foreclosure of these interests because at the time of the foreclosure the happening of the event to defeat Mary's defeasible fee simple title to the one-half had not occurred, and it was possible that her title could have ripened into a fee simple absolute by the event of bearing a child. However, the foreclosure proceeding was not notice to plaintiffs and their predecessors in title to the one-tenth interest each which Thomas, Elizabeth, Jenny, and Ella took by way of inheritance from Jesse Sanderson; and, therefore, the proceeding did not affect the title to four-tenths undivided interest in the portion of the homeplace which is in controversy.

Jesse Sanderson's daughter Jenny died in 1945 without lineal descendants, and her one-tenth interest descended by intestate succession one-fortieth each to her brother Thomas, to her sisters Elizabeth and Ella, and to her deceased brother's child Mary Sanderson Alpine. This one-fortieth, having been acquired by Mary Sanderson Alpine after completion of the tax foreclosure proceedings, obviously was not affected thereby.

When Mary Sanderson Alpine died in 1962 without issue the one-half interest in the portion of the homeplace purchased by defendants' predecessors in title in the tax foreclosure proceeding was defeated and it reverted to the heirs at law of Jesse Sanderson, who are represented in this lawsuit by plaintiffs. However, the death of Mary Sanderson Alpine without issue did not affect defendants' title to a one-tenth undivided interest, which was also purchased by defendants' predecessors in title.

Nevertheless, defendants contend, and offered evidence tending to show that they, and their predecessors in title, have been in open, notorious and adverse possession since 1939 or 1940 of the entire property described in the complaint. They contend that by reason of adverse possession for more than twenty years, and by reason of adverse possession under color of the commissioner's deed for more than seven years, that title has vested in them in fee simple to the one-half undivided interest originally devised to Sarah Sanderson, and which, because it became a lapsed devise, descended to plaintiffs' lineal ancestors by intestate succession in 1908. Defendants do not contend, and properly so, that they and their predecessors in title held the one-half interest of Mary Sanderson Alpine by adverse possession; they concede that their title to this one-half interest was a defeasible fee, and that it was defeated upon the death, without issue, of Mary Sanderson Alpine in 1962.

[9]   Plaintiffs' complaint is composed of two paragraphs: (1) They allege generally that they are the owners and entitled to possession of the tract of land described, and (2) they allege defendants claim an interest adverse to them. Defendants' answer is composed of two paragraphs: (1) They generally deny plaintiffs' allegation of ownership and right to possession, and (2) admit that they claim an interest in the tract of land described. Defendants did not specially plead title by adverse possession. However, this does not prevent them from defending their title. "In possessory actions which involve the title to land, it is not necessary to plead the statute specially, but objection may be taken under a general denial, since the statute in such cases confers a title, and does not simply bar the

remedy." McIntosh, N. C. Practice 2d, § 371. "In actions to recover land, wherein plaintiff alleges title and right to the possession, it is generally sufficient for the defendant to make a simple denial and introduce evidence of his possession for twenty years, or, of his possession under color for seven years, in support of his denial." *Whitaker v. Jenkins,* 138 N.C. 476, 51 S.E. 104.

[10] Because of the trial judge's conclusion that the devise to Mary and Sarah Sanderson was a class devise, and that, because of the death of Sarah, Mary Sanderson (Alpine) was the holder of a fee simple defeasible title in the whole of the tract in controversy, it was not necessary for him to make findings with respect to adverse possession by defendants and their predecessors in title; and he made none. However, in view of our holding that the devise was to them individually and not as a class, findings upon the question of adverse possession are necessary. Because of the error in the conclusion by the trial judge there must be a new trial.

We have not overlooked defendants' contention that the court erred in denying their motions for nonsuit. Without specifically ruling upon the question we note that even under defendants' alternate contentions (that either they are owners of a one-half undivided interest by reason of adverse possession; or at least that they are owners of a one-tenth undivided interest by reason of the tax foreclosure proceedings) this controversy must be litigated, and we perceive no prejudice to defendants in denying their motions for nonsuit. Also, under the rationale of G.S. 41-10 we do not feel that justice would be served by the entry of a nonsuit which would leave the entire title to the property handicapped by suspicion.

Defendants further contend that in the event they do not have title to a one-half undivided interest, they are the owners of the one-fortieth interest inherited by Mary Sanderson Alpine from her aunt Jenny Sanderson who died intestate in 1945. Defendants have no claim to this interest (except as it is included in their claim of adverse possession of the one-half) because it was inherited by Mary Sanderson Alpine after the tax foreclosure sale, and because this action was instituted within twenty years of 1945. There is no separate color of title for this interest.

The judgment appealed from is reversed and a new trial ordered.

New trial.

BRITT and PARKER, JJ., concur.