Furr v. Furr

FRANCES EARLENE H. FURR v. HAROLD G. FURR

No. 7420DC356

(Filed 17 July 1974)

1. **Divorce and Alimony § 24— child visitation privileges — lack of specificity**

    Order giving defendant child visitation rights is not invalid by reason of its failure to define the specific day and hour they are to be exercised or to define the mode of transfer of temporary custody to defendant.

2. **Divorce and Alimony § 18— permitting wife to use acreage surrounding residence**

    Order permitting plaintiff to use the entire 66⅔ acres surrounding the residence pending trial of the action was not improper where there was no evidence that the land was usable for any purpose other than the residence.

3. **Divorce and Alimony § 18— amount of counsel fees**

    Court's findings of fact concerning the services rendered by plaintiff wife's counsel support the amount awarded by the court as counsel fees *pendente lite*.

4. **Divorce and Alimony § 18— amount of alimony pendente lite**

    Court's findings of fact as to plaintiff's needs, defendant's needs and defendant's ability to pay support the amount awarded by the court as alimony *pendente lite*.

APPEAL by defendant from *Webb, District Judge,* heard by consent of the parties at the 25 October 1973 Session of District Court held in ANSON County. Heard in the Court of Appeals 15 May 1974.

This is an action for alimony without divorce, support and custody of two minor children, and counsel fees. The order appealed from awards alimony, support and custody, and counsel fees *pendente lite*.

*Brown, Brown & Brown, by Charles A. Brown, for the plaintiff.*

*Gerald R. Chandler, for the defendant.*

BROCK, Chief Judge.

For purposes of this appeal, defendant does not contest the right of plaintiff to have an award of alimony, to have an award for the support of two minor children, to have primary custody of two minor children, or to have an award of counsel fees. The assignments of error brought forward and argued by defendant may be fairly summarized as follows: (1) He objects to the lack of specificity of his rights of visitation with the two children; (2) he objects to the award for plaintiff's use of the property surrounding the residence property; (3) he objects to the amount awarded as counsel fees; and (4) he objects to the amount awarded as alimony *pendente lite*.

[1] The order for visitation rights by defendant does not define the specific day and hour that it is to be exercised, nor does it define the mode of transfer of temporary custody to defendant. It appears that the trial judge deliberately left the terms flexible to better accommodate the schedules of all persons involved. It is reasonable to assume that two intelligent, adult persons can abide by the order as written. If defendant encounters unreasonable difficulty in exercising his visitation rights, he may apply to the trial judge, who can compel compliance with the order by making it more specific. The flexibility of the order as it now stands can accommodate defendant's schedule better than a more rigid order.

[2] The use of the residence of the parties which was awarded to plaintiff is located upon a tract of land containing approximately 66⅔ acres, which the parties own as tenants by the entirety. Although this is a rather large residence acreage, there is absolutely no evidence that it is usable for any other purpose. If circumstances develop to show a different need for a part of the tract of land, the trial judge, upon proper application, can make such adjustments as appear appropriate.

[3] Defendant does not except to the findings of fact by the trial judge concerning extensive service by counsel for plaintiff. The judge's findings of fact on this subject take into consideration the types of services rendered and the total hours

involved. Defendant's exception to the amount of counsel fees awarded raises only the question of whether the findings of fact support the order. *Newbern v. Barnes,* 3 N. C. App. 521, 165 S.E. 2d 526. It does not present for review whether the findings of fact are supported by the evidence. In our opinion, the findings of fact concerning the services rendered by plaintiff's counsel support the order for the payment of the amount specified.

[4]　Defendant does not except to the findings of fact relative to plaintiff's needs, defendant's needs, and defendant's ability to pay. There was extensive evidence of plaintiff's needs, defendant's needs, and defendant's estate and earnings. Defendant's exception to the amount awarded as alimony *pendente lite* raises only the question of whether the findings of fact support the order. *Newbern v. Barnes, supra.* It does not present for review whether the findings of fact are supported by the evidence. In our opinion, the findings of fact concerning plaintiff's needs, defendant's needs, and defendant's ability to pay support the order for the amount specified.

Affirmed.

Judges CAMPBELL and BRITT concur.