VONNIE RAY MINTZ v. LUTHA D. MINTZ

No. 825DC1070

(Filed 4 October 1983)

**Divorce and Alimony § 25.13— improper child visitation order—noncompliance with due process**

    A trial judge improperly ordered that the mother of a child would be incarcerated upon the father's oral report to the sheriff of her noncompliance with a visitation order since, on its face, the order failed to comply with the due process of law before depriving the mother of her right to liberty.

APPEAL by plaintiff from *Rice, Judge.* Order entered 2 July 1982 in District Court, NEW HANOVER County. Heard in the Court of Appeals 31 August 1983.

*Mitwol and Gillespie by Michael R. Mitwol for plaintiff appellant.*

*No counsel contra.*

BRASWELL, Judge.

This case concerns a domestic confrontation between mother and father over forced visitation of their 11-year-old child with the father. The trial judge had ordered that the mother would be incarcerated upon the father's oral report to the sheriff of her noncompliance with visitation. As a result of that order the plaintiff-mother appeals. The issue before the court is the validity of the trial court's order of 2 July 1982. We hold the order to be invalid and remand for a new hearing.

The matter arose through the defendant-father's motion in the cause in a divorce action which had awarded to the plaintiff-mother custody of their son, Lutha David Mintz, III, and had granted certain visitation rights to the defendant-father. The motion sought to have the plaintiff-mother show cause why she should not be adjudged in contempt for a violation of the visitation portion of the earlier order. In a unique sense, the dispute is not over a right to visitation, or the times, place, or terms of visitation. The mother's position in response to the contempt proceeding, and later in evidence, is that the child refused to visit the father and that she could not make him go. She felt she

"could not force David to go with his dad." She "left it up to him." "[T]his is one decision he makes himself."

The evidence reflects that David is an intelligent, well-behaved, young man, has never made below a "B" in school, has never missed a day of school, and will be in the sixth grade. He had read the divorce papers and court orders himself concerning the award of visitation. For reasons satisfactory to himself, David simply did not want to visit his father, and his mother did not insist on his compliance with the visitation order.

The findings of fact in the challenged order of 2 July 1982 reflect the details of the visitation rights awarded in the order of 12 February 1981, and state that the father has been unable to pick up the son as specified. The father was found to be a person of good character and to be in compliance with all orders entered in the cause. Therefore, no reasons existed as to why the father should not be allowed his visitation rights.

The single, separately listed conclusion of law declared that:

1. Defendant, LUTHA D. MINTZ, is legally entitled to be awarded visitation rights with his son, LUTHA DAVID MINTZ, III.

In the final portion of the order, the court set specific hours and days of visitation. Then the judge ordered that:

c. If defendant goes to plaintiff's residence to pick up his son and his son is not at the home and ready to go with his father, defendant shall remain at plaintiff's residence until seven o'clock p.m. (7:00 p.m.) and thereafter he is hereby directed to take a copy of this Court Order to the Sheriff of New Hanover County and the Sheriff, or any of his Deputies, is hereby ORDERED AND DIRECTED to immediately locate and arrest plaintiff. She shall be placed in the New Hanover County Jail until this matter can be heard by the Court. In the event plaintiff is arrested under the terms of this Order, she may be released upon posting of a ..od [sic] and sufficient bond in the sum of ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS;

d. The Sheriff of New Hanover County is further directed to take custody of the minor child, LUTHA DAVID

MINTZ, III, when and if plaintiff is taken into custody and said minor child shall be turned over to his father by the Sheriff's Department . . . .

The order of 2 July 1982 which might put the mother in jail or require her to post bond mandates a procedure without complying with due process of law. The order contains no provision for notice of alleged violation or opportunity to be heard in advance of incarceration. At least an opportunity to show cause why she did not comply should have been afforded the mother. As worded, the order permits the father to become the instant judge of a willful violation of the court order by his mere oral showing to the sheriff of noncompliance. It is permissive incarceration by action of the father and no due process action by the court that destroys the validity of the order. *See Tucker v. Tucker*, 288 N.C. 81, 216 S.E. 2d 1 (1975). Conceivably, there are many valid, justifiable reasons which might prevent the mother from turning the child over to the father, such as a sickness of the child or the occurrence of some natural disaster. Nevertheless, under the current order the father still could have had the mother placed in jail on his verbal command.

In all custody or visitation cases the child's best interest is the polestar. *In re Peal,* 305 N.C. 640, 645, 290 S.E. 2d 664, 667 (1982). Here, the order fails to contain any findings that the best interests and welfare of the child would be served by jailing the mother if the child refuses to visit with his father. *See Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967); and *Montgomery v. Montgomery,* 32 N.C. App. 154, 231 S.E. 2d 26 (1977). This failing in the order also contributes to its invalidity.

As enunciated by our Supreme Court in *Tucker v. Tucker, supra,* at 87, 216 S.E. 2d at 5, "[P]arents have the natural and legal right to the custody, companionship, control, and bringing up of their infant children, and this right may not lightly be denied or interfered with by action of the courts. This right is not absolute, however, and it may be interfered with or denied for substantial and sufficient reasons, and is subject to judicial control when the interest and welfare of the children clearly require it."

If the child is of the age of discretion, the child's preference on visitation may be considered, but his choice is not absolute or

controlling. *See Clark v. Clark,* 294 N.C. 554, 576-77, 243 S.E. 2d 129, 142 (1978); *Kearns v. Kearns,* 6 N.C. App. 319, 325, 170 S.E. 2d 132, 136 (1969); 3 R. Lee, N.C. Family Law § 224 (4th ed. 1981). As to what age is the age of discretion, we feel that the better statement of the law is that found in 42 Am. Jur. 2d *Infants* § 45 (1969):

> The nearer the child approaches the age of 14, the greater is the weight which should be given to the child's custodial preference.
>
> As to when the child is mature and intelligent enough to formulate a rational judgment concerning its welfare, it is generally agreed that in the absence of a statute to the contrary, no specific age is set by law in this regard, but the question depends on the mental capacity, or the mental development, or the intelligence of each child in question.

It remains the duty of the trial judge to determine the weight to be accorded the child's preference, to find and conclude what is in the best interest of the child, and to decide what promotes the welfare of the child.

Although improperly attempted in the present case, a trial judge has the power to make an order forcing a child to visit the noncustodial parent, but only when the circumstances are so compelling and only after he has done the following: afforded to the parties a hearing in accordance with due process; created a proper court order based on findings of fact and conclusions of law determined by the judge to justify and support the order; and made findings that include at a minimum that the drastic action of incarceration of a parent is reasonably necessary for the promotion and protection of the best interest and welfare of the child. *See generally, In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971).

Because the order of 2 July 1982 is devoid of sufficient findings of fact and has no conclusions of law to support its dispositive provisions, and because on its face the order fails to comply with the due process of law before depriving the mother of her right to liberty, the order is declared invalid. With regard to future attempts to enforce visitation, as noted in *Furr v. Furr,* 22 N.C. App. 487, 488, 206 S.E. 2d 812, 813, *cert. denied,* 285 N.C.

757, 209 S.E. 2d 281 (1974), if a parent "encounters unreasonable difficulty in exercising his visitation rights, he may apply to the trial judge, who can compel compliance with the order by making it more specific."

Reversed and remanded.

Judges BECTON and JOHNSON concur.