This is a child custody modification case.
The mother and father were divorced in June of 1979. Custody of the couple's two-year-old daughter, Sarah, was split between the mother and the father on an every-other-month basis. Both of the parties subsequently remarried; the mother to an electrical technician who has one child by a previous marriage and who has since taken a job in Denver, Colorado, and the father to a woman who has no children of her own.
In April of 1983, the mother, Sheila Fry Parris, filed a petition for change of custody and child support, contending that Sarah *Page 345 
was not benefiting from the frequent (monthly) changes in custody, that she did not relate well to her new stepmother, and that the parties had not been able to communicate about the child's problems.
The mother asked that she be given year-round primary custody of Sarah and child support and that she be allowed to take Sarah to Colorado to join her new husband. The father cross-petitioned, denying the material allegations of the complaint and asking that he be given primary custody of the child. The matter was set for a hearing before the domestic referee.
After an ore tenus hearing, the domestic referee issued the following order:
 ORDER
"This matter coming on to be heard on the petition of the Plaintiff seeking a modification of the Final Divorce Decree, and both parties being present and represented by counsel, and upon hearing the testimony and after due consideration thereof, it is
"ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:
"1. That the Plaintiff, Sheila B. Fry, shall have the permanent care, custody, and control of the minor child, Sarah Fry, beginning August 1, 1983.
"2. That Defendant, Jerry W. Fry, shall have the custody of the minor child during any and all of the summer vacation as he chooses, beginning at least one week after the end of the school year and ending at least one week before the next school year begins.
"3. That Defendant shall have visitation rights with the minor child for one week at Christmas of each year, the dates to be agreed upon by the parties, with the visit to include Christmas Eve and Christmas Day in even numbered years. The Plaintiff shall have the minor child on Christmas Eve and Christmas Day in odd numbered years.
"4. That Defendant shall have visitation at any other time as the parties may agree.
". . . ."
The next day, without giving either party an opportunity to object, the circuit court adopted the referee's order as its own. The husband promptly objected and asked the circuit court to set aside its order so that he might file objections to the referee's order. Following a hearing at which evidence concerning modification was presented, the court reversed its earlier order and vested primary custody in the father. The mother appeals and we affirm.
The mother, through able counsel who has favored this court with an excellent brief, raises three issues on appeal; 1) that the circuit court was required to accept the referee's findings unless clearly erroneous, 2) that the husband failed to meet his burden of proving that the referee's findings were clearly erroneous, and 3) that the trial court's award of custody to the father was clearly erroneous. Because of our resolution of the first issue, we may bypass the second in favor of the third.
Rule 53 of the Alabama Rules of Civil Procedure governs the reference of matters to a master. Under 53 (a) "master" is defined to include a referee. Under 53 (e) the master must prepare a report upon the matters submitted to him. If specifically required to do so, he must include findings of fact and conclusions of law in his report. In non-jury actions, the master's findings of fact must be accepted by the trial court unless clearly erroneous. This is the provision upon which the mother relies, as the master had recommended that she be given primary custody.
Although the parties have not cited and we have been unable to find any Alabama decisions dealing with similar circumstances, we find that the master's report in this case is not governed by the "clearly erroneous" rule of 53 (e)(2) as the master made no express findings of fact. See 5A J. Moore,Moore's Federal Practice § 53.12 [1] (2d ed. 1984).
The brief order, set out above, which the referee entered, in effect merely recommended that custody be given to the mother and that certain visitation and support *Page 346 
rights be set. As it is the trial judge, not the master, who must enter the actual judgment, the "clearly erroneous" rule cannot be used to prevent the trial court's searching review of the master's recommendation or of ultimate findings which are in reality conclusions of law or at least mixed questions of law and fact. Id. at § 53.12 [4]. We find no error in the trial court's action in taking evidence and setting aside the referee's order.
The second issue is whether the trial court erred in granting primary custody to the father. Both of the parties agreed that a more consistent custody arrangement was necessary, as Sarah had just turned six years of age when the matter was heard and she would be entering grade school in the fall. (The every-other-month custody arrangement was also complicated when the mother's new husband accepted a new job out of state.)
The standards which govern child custody cases were recently repeated in Mansell v. Mansell, 437 So.2d 588, 589
(Ala.Civ.App. 1983):
 "In a child custody case, the issue of paramount importance is the best interest of the child. Reaves v. Reaves, 399 So.2d 311 (Ala.Civ.App. 1981). The determination of the custody issue is addressed to the sound discretion of the trial judge, and when such discretion is exercised after an oral hearing of the evidence, the decision will not be set aside unless it is so contrary to the evidence as to be clearly and palpably wrong. Fassina v. Fassina, 401 So.2d 113 (Ala.Civ.App. 1981); Reaves v. Reaves, 399 So.2d 311 (Ala.Civ.App. 1981). Furthermore, when the trial court must resolve conflicts in the facts testified to, it is not for this court to substitute its judgment for that of the trial court. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975)."
In the present case, the evidence in the most part tended to establish that either the mother and her new husband or the father and his new wife could provide caring and loving homes for Sarah and that both sets of parents were very fit to assume the primary responsibility for her upbringing. Under such circumstances, we will not attempt to substitute our judgment for that of the trial judge who had the added advantage of observing the live testimony. The judgment below is due to be affirmed. The father has filed with this court a motion to dismiss the appeal. The motion is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.