JUDY REYNOLDS AND KELLI LYNN REYNOLDS v. DAVID MELVIN
REYNOLDS

No. 9210DC83

(Filed 16 February 1993)

**Divorce and Separation § 377 (NCI4th)— visitation—order against the wishes of the child—no violation of child's constitutional rights**

The constitutional rights of the minor plaintiff were not violated by an order specifying visitation with defendant, her father, where plaintiff Judy Reynolds and defendant David Reynolds were awarded joint custody of the minor plaintiff in an order dated 15 May 1989; a later order continued the joint custody but provided that visitation was to be determined by mutual agreement of the parties; defendant subsequently filed a motion in the cause for visitation, which resulted in an order being entered which set out a specific visitation schedule; and the court in making that order found that defendant had had limited contact with Judy Reynolds and the minor plaintiff since December 1990; that Judy Reynolds is very bitter about the divorce; that the minor plaintiff had testified that she loved defendant but did not want to have visitation or telephone contact with him; that defendant is a fit and proper person to exercise reasonable and liberal visitation; and that it is in the best interest of the minor plaintiff that there be a specified visitation schedule with defendant. Although the child expressed a desire not to visit her father, the trial court determined that such visitation would be in the child's best interests based on findings supported by evidence in the record. The order resulted from a hearing conducted in compliance with the parties' due process rights, and the provision providing that violation of the order shall be punishable by contempt is a valid declaration that one who violates the order will be subject to contempt proceedings in accordance with due process.

**Am Jur 2d, Divorce and Separation § 999.**

**Necessity of requiring presence in court of both parties in proceedings relating to custody or visitation of children. 15 ALR4th 864.**

REYNOLDS v. REYNOLDS

[109 N.C. App. 110 (1993)]

Appeal by plaintiffs from Order entered 10 October 1991 in Wake County District Court by Judge Joyce A. Hamilton. Heard in the Court of Appeals 5 January 1993.

*Judy Reynolds and Kelli Lynn Reynolds, pro se.*

*Stratas & Weathers, by Aida Fayar Doss, for defendant-appellee.*

WYNN, Judge.

The plaintiff, Judy Reynolds, and the defendant, David Reynolds, are the divorced parents of the minor plaintiff, Kelli Lynn Reynolds, born 14 July 1980. In an Order dated 15 May 1989 the plaintiff, Judy Reynolds, and the defendant, David Reynolds, were awarded joint custody of the minor plaintiff. That Order provided that Judy Reynolds would have primary responsibility for Kelli Lynn Reynolds and that David Reynolds would have secondary responsibility and visitation. A subsequent Order entitled "Consent Order for Custody and Support" continued the joint custody but provided that visitation was to be determined by mutual agreement of the parties. On 9 August 1991 David Reynolds filed a "Motion in the Cause for Visitation," which motion was heard on 3-4 October 1991. That hearing resulted in an Order being entered on 10 October 1991 setting out a specific schedule of visitation between the defendant and the minor plaintiff. In entering the Order, the trial judge made the findings of fact contained in the following paragraphs.

David Reynolds has had limited contact with Judy Reynolds and Kelli Lynn Reynolds since December 1990. Judy Reynolds is very bitter about her divorce from David Reynolds and his affair and subsequent marriage to a former baby sitter, who is approximately twenty-five years younger than Mr. Reynolds. She believes that she and the defendant are not divorced "in the Biblical sense" and that the defendant and his new wife are not lawfully married "in the Biblical sense." Kelli Lynn Reynolds has been strongly influenced by Judy Reynolds' opinions in this regard. Judy Reynolds has denied Kelli Lynn Reynolds any visitation with Donna Campbell, the elder daughter of Judy and David Reynolds and elder sister of Kelli Lynn Reynolds, because Judy Reynolds is afraid of what Donna Campbell might say about her to Kelli Lynn Reynolds.

Kelli Lynn Reynolds testified at the hearing that she loved the defendant but did not want to have visitation or telephone

contact with him. The trial court believed this testimony, but found that David Reynolds is a fit and proper person to exercise reasonable and liberal visitation with Kelli Lynn Reynolds, and that it is in the best interest of Kelli Lynn Reynolds that there be a specified visitation schedule between her and the defendant and that such visitation be allowed to occur.

Based on the above findings of fact, the trial judge concluded as a matter of law that the specified visitation ordered between the defendant and the minor plaintiff is fair and reasonable and is in the best interests of the minor plaintiff, Kelli Lynn Reynolds. From this Order the plaintiffs appeal.

---

In response to the plaintiffs' appeal, the defendant filed a "Motion to Dismiss Appeal and for Sanctions," which motion this Court denies.

The plaintiffs' sole contention on appeal is that the Order for visitation violates the Constitutional rights of the minor plaintiff. We find no merit to the arguments presented in the plaintiffs' brief, and, for the reasons that follow, we affirm the Order of the trial court.

The trial judge, unlike the judges of the appellate courts, has the opportunity to hear first hand the testimony of the parties in matters of child custody, and is, therefore, vested with broad discretion in such matters. *In re Peal*, 305 N.C. 640, 645, 290 S.E.2d 664, 667 (1982). That discretion must be exercised in light of this Court's recognition that a parent has a "natural and legal right" to visitation with his child which should not be denied absent some conduct on the part of the parent constituting a forfeiture of the right or some finding that the exercise of the right would be detrimental to the best interests of the child. *In re Stancil*, 10 N.C. App. 545, 551, 179 S.E.2d 844, 849 (1971). The "paramount consideration" in matters of custody and visitation is the best interests of the child, and in determining such matters the trial judge may consider the wishes of a child of suitable age and discretion. *Peal*, 305 N.C. at 645, 290 S.E.2d at 667-68; *Clark v. Clark*, 294 N.C. 554, 576-77, 243 S.E.2d 129, 142 (1978); *James v. Pretlow*, 242 N.C. 102, 105, 86 S.E.2d 759, 761 (1955); *Mintz v. Mintz*, 64 N.C. App. 338, 340-41, 307 S.E.2d 391, 393 (1983). The child's wishes, however, are never controlling, "since the court must yield in all cases to what it

considers to be the child's best interests, regardless of the child's personal preference." *Clark*, 294 N.C. at 577, 243 S.E.2d at 142.

We recognize that Kelli Lynn Reynolds has expressed a desire not to visit her father. The trial court determined, however, based on findings of fact supported by the evidence in the record, that such visitation would be in her best interests. Despite Kelli Lynn Reynolds' desire to the contrary, "a trial judge has the power to make an order forcing a child to visit the noncustodial parent." *Mintz*, 64 N.C. App. at 341, 307 S.E.2d at 394. The Order involved in the *Mintz* case set out a specific visitation schedule which the minor son of the parties simply decided he did not want to follow. The plaintiff mother, who had primary custody of the child, did not insist that the child comply with the Order. Unlike the Order in the present case, the Order in *Mintz* provided that, upon non-compliance with the Order, the father was to take the Order to the sheriff's office and the sheriff was to immediately arrest the mother for contempt and place the son in the custody of the father. This Court found that such a provision denied the mother due process of law, and therefore held the visitation Order to be invalid. *Id*. This Court further concluded that, although the facts in *Mintz* failed to support a valid Order, an Order of "forced visitation" could be entered once the trial judge has (1) afforded the parties an opportunity for a hearing in accordance with due process, (2) created an Order setting out specific findings of fact and conclusions of law to justify and support the Order, and (3) made findings that include at a minimum that the drastic action of incarceration of a parent is reasonably necessary for the promotion and protection of the best interest and welfare of the child. *Id*.

The Order in the present case resulted from a hearing conducted in compliance with the parties' due process rights. The findings of fact and conclusions of law enumerated by the trial judge are sufficient to justify and support the Order as it was entered. The Order provides that "[v]iolation of this Order shall be punishable by Contempt." Such a provision is not analogous to the contempt provision in the *Mintz* case as it does not provide that the violator will be incarcerated upon the oral report of a violation to the sheriff. Rather, the provision is a valid declaration that one who violates the Order will be subject to contempt proceedings in accordance with due process. The Order is, therefore, binding on the parties, and the plaintiffs in the present case are required to comply with the visitation schedule contained therein.

For the foregoing reasons, the decision of the trial court is,

Affirmed.

Judges EAGLES and ORR concur.