The parties were divorced on December 2, 1981, and the mother was granted custody of the two minor children. The father was granted reasonable visitation rights. The judgment was modified in March 1991 to provide for a slight change in the father's scheduled visitation and for visitation to be shared with the paternal grandparents and exercised by them when the father was unable to visit.
On April 24, 1991, the mother filed a petition to show cause, alleging that the father was in contempt because of his failure to pay child support as ordered by the court. She subsequently filed an amended petition for modification, alleging that the father was incapable of exercising his rights of visitation without supervision. The father filed an answer and counterclaim, asking the court to hold the mother in contempt for failing to allow visitation as ordered. The trial court appointed a guardian ad litem to represent the children and a special master, Dr. Jack A. Turner, who is a licensed psychologist, to conduct an evaluation of the parties and to make a written report to the trial court, which, the court stated, would be important in making its decision.
In its order the trial court found that the father had violated its orders by failing to pay child support on a timely basis and that the mother had violated its orders by denying visitation to the father and the paternal grandparents. It further found that the children should be compelled to resume visitation with their father and the paternal grandparents. The first three visitation periods, however, were to be exercised by the paternal grandparents, allowing the father and his wife to visit the children in their presence. The costs and fees of the guardian ad litem, including future fees for monitoring the mother's compliance with visitation orders, were taxed to the mother. The mother appeals. We affirm.
We note that the trial court has broad discretion when determining visitation rights and that its judgment must be affirmed unless it is unsupported by the evidence. Watson v.Watson, 555 So.2d 1115 (Ala.Civ.App. 1989). The trial court is to consider the best interest and welfare of the child in determining visitation rights for a noncustodial parent. Id.
Furthermore, though it is an exceptional case, there are circumstances where it is reasonable and in the best interests of the child not to be required to visit a non-custodial parent because of the child's unwillingness or fear; however, it is an extreme decision that restricts an otherwise relatively qualified parent from visiting his child. Id.
The record indicates that the children have refused to visit with their father and that the refusal stems from an incident during which the father allegedly became violent with the children and locked them out of his house following an altercation with them. The special master met with the parties and with the children. He spent one hour with the father and also administered a psychological test, the "MMPI," to the parents and the stepparents. He reported to the trial court that the "psychological test results indicate that [the father] is a sociopathic personality and likely to return to drugs as a way of coping." The special master then stated that he felt that the father and his present wife were not "fit and able to exercise liberal and unsupervised visitation with these children." He further stated that there "probably, but not with certainty," was substance to the allegations of abuse of the children by the father and that he based this opinion on the test results and information received from the children. He also stated that the children were experiencing real fear of their *Page 612 
father although there was no evidence of the abuse of which they seemed to be afraid.
Dr. Kathryn P. Allen, a clinical psychologist, saw the father on at least three occasions. She administered the Minnesota Multiphasic Personality Inventory (the MMPI-2) and several other tests. She stated that the MMPI-2 is the "restandardized and renormed" version of the MMPI and that it is now being used by those in clinical practice and was the preferred test. She stated that the test results were not "clinically significant," that the father probably would take an "even hand with the children," and that the father described the incident to her as one in which the children had been misbehaving and the situation had gotten out of control. She opined that there was nothing in the test results to indicate that the father would become violent or aggressive with the children in the future and that they should get together and discuss the situation.
The wife first contends that the trial court erred in ordering visitation by the father against the recommendation of the special master. She claims that Rule 53(e)(2), Alabama Rules of Civil Procedure, requires that the trial court accept the master's findings unless clearly erroneous. She also contends that the trial court erred in ordering the children to visit with the father.
Although the trial court appointed what it termed a "special master," it nevertheless indicated that he was to "conduct an evaluation and make a final written report of his conclusions upon the following issues and questions which would beimportant to the Court in making a decision upon the issues in this cause." (Emphasis supplied.) The court then listed a number of questions that basically concerned certain allegations made by both parties and the care, custody, and control of the children. The trial court did not indicate that the appointment was pursuant to Rule 53 or that it intended the report to be binding on its decision on the issues in this case. Furthermore, we hold that the master's report is not governed by the "clearly erroneous" standard in Rule 53(e)(2). The report addresses the ultimate issue of unsupervised visitation of the father with the children; however, that decision remains with the trial court. Fry v. Fry,451 So.2d 344 (Ala.Civ.App. 1934). "[T]he 'clearly erroneous' rule cannot be used to prevent the trial court's searching review of the master's recommendation or of ultimate findings which are in reality conclusions of law or at least mixed questions of law and fact." Id. at 346.
There was conflicting testimony from another psychologist, Dr. Allen, regarding the father's fitness to continue to have visitation rights. The trial court has resolved conflicts in the testimony, and this court will not substitute its judgment for that of the trial court. Id. Therefore, we cannot find that the trial court's decision is unsupported by the evidence.
The mother next contends that the trial court erred in taxing the court costs and the guardian ad litem fee and future fees against her. She claims that the costs should have at least been split between the parties and cites Collier v. Collier,326 So.2d 769 (Ala.Civ.App. 1976), in support of her contention.
In Collier, this court found that, because several portions of the trial court's decree were reversed and both parties prevailed in part and lost in part, the award of costs was automatically vacated and half the costs were taxed to each party. In the present case we are affirming the trial court; therefore, we find Collier to be inapplicable. The judgment is due to be affirmed.
The guardian ad litem's request for an attorney's fee is granted in the amount of $700, which is to be split equally between the parties.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 613