ROBERTSON, Presiding Judge.
This is an appeal from the denial of a petition for adoption.
The subject of the adoption proceeding is a six-year-old female child whose father was killed by a gunshot wound on October 5, 1990. Her mother, K.K.D., was arrested and placed in the Clarke County Jail as a result of the investigation of the father’s death.
The mother was an inmate in the Clarke County Jail on October 12, 1990, when the minor child was brought before the juvenile *818 court for a shelter care hearing. The trial court ordered that the child be placed in the home of the paternal aunt, G.D.W. It also ordered the Department of Human Resources to conduct home evaluations of the homes of both G.D.W., the paternal aunt, and S.D., Jr., the child’s paternal grandfather.
Following an ore tenus proceeding in December 1990, the trial court found that the child was dependent and awarded the care, custody, and control of the child to the paternal aunt.
The paternal grandfather, S.D., Jr., and his present wife, J.W.D., filed a petition for adoption in the probate court on July 9,1991, along with the mother’s consent to the adoption.
The paternal grandmother, R.D., filed an objection to the paternal grandfather’s petition for adoption, alleging that the adoption was not in the best interests of the minor child. The probate court transferred the proceeding to the juvenile court because of the custody orders already entered by that court.
The mother pleaded guilty to the murder of the child’s father on November 1, 1991, and was sentenced on December 12, 1991, to sixty years in the state penitentiary.
In March 1992 the trial court ordered an update of the home evaluations of the paternal grandfather and the paternal aunt and ordered the Southwest Alabama Department of Mental Health to evaluate the minor child and to make recommendations regarding any treatment indicated and visitation with the natural mother.
The record reflects numerous pleadings and petitions filed in this matter, including a petition for adoption filed by the paternal aunt and her husband, who had physical custody of the minor child. Those petitions were severed from this proceeding, and the trial court held an ore tenus proceeding on the paternal grandfather’s petition for adoption.
Following the taking of extensive testimony and evidence, and after receiving the written recommendation of the guardian ad litem for the minor child that the petition for adoption be denied, the court entered an order denying the paternal grandfather’s petition and finding that the granting of any petition for adoption “would not be in the best interests of [the minor child] at this time.”
S.D., Jr., and J.W.D. appeal, contending that the trial court erred in not following the statutory adoption procedures; in not allowing the pastor of the deceased father to testify as to the wishes of the natural father pertaining to the care, custody, and control of his daughter; in not requiring the paternal aunt and her husband to produce certain tax and business records; in considering as evidence the recommendation of the guardian ad litem; and in finding that the granting of any petition to adopt would not be in the best interests of the child.
Adoption is purely statutory, and our appellate courts have always required strict adherence to the statutory requirements in adoption proceedings. McCoy v. McCoy, 549 So.2d 53 (Ala.1989). The record does not reflect any infractions of the statutory requirements; therefore, we find the dispositive issue in this appeal to be whether the trial court’s judgment denying the petition for adoption was plainly and palpably wrong. In re Miller, 473 So.2d 1071 (Ala.Civ.App.1985).
A recitation of the voluminous evidence before the trial court would serve no useful purpose. In adoption proceedings, when the trial court’s findings and judgment are based on ore tenus evidence, its judgment is presumed to be correct and will not be disturbed on appeal absent a showing that it is plainly and palpably wrong or erroneous. State Dep’t of Pensions & Security v. Whitney, 359 So.2d 810 (Ala.Civ.App.1978). That burden has not been met in this appeal.
The paternal grandfather also contends that the trial court erred in considering the recommendation of the guardian ad li-tem. We find no merit in this contention. The guardian ad litem correctly observes that he is an officer of the court and is entitled to argue his client’s case as any other attorney involved in the case. § 15-12-21(b), Code 1975.
*819 We find all other contentions raised on appeal to be without merit. This court may not reverse a judgment when the error complained of has not injuriously affected the rights of the appellant. Rule 45, A.R.A.P.
The judgment of the trial court is affirmed.
THIGPEN and YATES, JJ., concur.