This is a child visitation and contempt case.
Janine Renee Lyford French and Lonny Carlton Lyford were divorced by the Baldwin County Circuit Court on February 12, 1992. The judgment of divorce incorporated an agreement by the parties, which provided, inter alia, that custody of their then two-year-old son was to be awarded to the mother, Janine; that the parties would file a joint petition for termination of the father's parental rights; that the father was to pay the parties' debt to Providence Hospital; and that the father was to pay the fee of the mother's attorney.
The parties filed a joint petition for termination of the father's parental rights; however, the trial court[1] denied the petition because it found that terminating the father's parental rights would not be in the best interests of the child. It appears from the record that while the trial court did not award the father specific rights of visitation with the child, it did order the father to pay child support.
On August 7, 1992, the trial court received a letter from the mother complaining that the father had failed to pay her the court-ordered child support, had failed to pay the debt owed to Providence Hospital, and had failed to pay her attorney's fee as ordered by the trial court.
The trial court notified the mother that it was treating her letter as a pro se petition for a rule nisi and set the case for a hearing. At the hearing, the father filed a motion to modify the judgment of divorce, seeking a right of visitation with the parties' minor child. The father contended that a material change of circumstances had occurred since the entry of the judgment of divorce and that he no longer desired a termination of his parental rights. Following an ore tenus proceeding *Page 439 
on the mother's petition for rule nisi, at which the mother appeared pro se, and on the father's motion to modify, the trial court entered an order, directing the father to pay a child support arrearage of $1,780, to be paid at the rate of $100 per month in addition to his current child support obligation. The trial court also awarded the father standard rights of visitation with the parties' minor child for periods when the child is residing in the United States, and four weeks' visitation during the summer when the child is residing outside of the United States.[2]
The mother immediately retained an attorney, and on March 25, 1993, the same day of the order, and on March 26, and March 30 the mother and the father filed numerous post-judgment motions, petitions, and cross-petitions, seeking various relief. Among the father's pleadings was a motion for sanctions filed after the mother had left the state, alleging that the mother had taken the child to Germany without allowing him visitation as ordered by the trial court.
On April 5, 1993, the trial court conducted a hearing on all the pleadings; however, the mother was not present (she had already left for Germany). The trial court entered a judgment on April 8, 1993, denying the mother's motion to set aside the trial court's order of visitation and finding the mother in contempt of court for her defiance of the trial court's March 25, 1993, order. As sanctions for the contempt, the trial court ordered the mother to make all arrangements for the minor child's delivery to the father for summer visitation and required the mother to bear all of the transportation costs associated with the minor child's summer visitation with the father.
The mother raises four issues on appeal: (1) whether there was any valid order of the trial court that the mother could be held to have violated; (2) if there was any evidence before the trial court to support its finding of contempt; (3) whether requiring the mother to bear the expense of transporting the child from Germany to the United States for summer visitation with the father amounted to an impermissible sanction for contempt; and (4) whether the award of visitation by the trial court was an abuse of discretion.
 CONTEMPT
We address the mother's first three issues, all concerning the trial court's order holding her in contempt of court, as one issue. Our supreme court, in Baker v. HeatherwoodHomeowners Association, 587 So.2d 938 (Ala. 1991), held that Rule 33, A.R.Crim.P., applies to contempt proceedings in civil cases. Rule 33, A.R.Crim.P., necessitates certain procedural requirements, which are absent in this case, before a person can be found in contempt of court. Specifically, Rule 33.3(a) provides that, except for direct contempts committed in the presence of the judge, "no person shall be found in contempt without a hearing held after a citation of the charge is given." (Emphasis added).
The rule further provides:
"(b) Citation. The citation shall:
 "(1) Be in writing and state that the person to whom it is directed is cited for contempt of court;
 "(2) Order that the person cited appear before the court to show cause why he or she should not be found in contempt of court as charged or should not be punished or incarcerated as provided by law;
 "(3) State the essential facts constituting the contempt cited; and
"(4) Specify the time and place of the hearing."
Rule 33.3(b), A.R.Crim.P.
No citation was given to the mother in this case as required by Rule 33.3, A.R.Crim.P., and it is unclear from the record if she even knew about the contempt proceeding. Consequently, the trial court erred by finding the mother in contempt and imposing sanctions. Baker; Lee v. Lee, 608 So.2d 1383
(Ala.Civ.App. 1992); see also Stack v. Stack, [Ms. AV92000412, February 11, 1994], 1994 WL 37531 (Ala.Civ.App. 1994). *Page 440 
That part of the trial court's judgment is reversed and annulled.
 VISITATION
It is well-settled law in Alabama that the determination of visitation rights for the noncustodial parent is a matter resting within the sound discretion of the trial court and that its judgment on that matter will not be reversed on appeal except for an abuse of that discretion. Ladewig v. Moxley,589 So.2d 738 (Ala.Civ.App. 1991). This broad discretion is based upon the trial court's having the benefit of an ore tenus hearing and the opportunity to personally observe the litigants and witnesses. Andrews v. Andrews, 520 So.2d 512
(Ala.Civ.App. 1987). In exercising its discretion in awarding visitation rights, the trial court's primary consideration must be the best interests and welfare of the child, and each case must be decided on its own facts and the personalities involved. Durhamv. Heck, 479 So.2d 1292 (Ala.Civ.App. 1985).
It is obvious from the record that the mother has concerns regarding her minor son's visitation with his father and that she would prefer that her present husband adopt the child. There was testimony from the mother that the father had made little or no effort to see the child. The father resides with his father, and the record reflects that the paternal grandfather is very fond of the child. There was testimony that the father had some personal problems involving alcohol and driving violations and had a history of unstable employment; however, two different trial judges have determined that it would be in the child's best interest to know and to visit with his father. After reviewing the record, in light of the attendant legal presumptions, we cannot hold that the trial court abused its discretion in awarding the father visitation with his minor son.
AFFIRMED IN PART; AND REVERSED AND ANNULLED IN PART.
YATES, J., concurs.
THIGPEN, J., concurs in part and dissents in part.
[1] The trial judge in that proceeding was the predecessor of the judge who entered the judgment here on appeal.
[2] The mother had remarried and was taking the child to live with her and her new husband, a serviceman, in Germany.