690 So.2d 401 (1997)
Donald SHELLHOUSE
v.
Wanda BENTLEY.
2950790.
Court of Civil Appeals of Alabama.
February 14, 1997.
*402 Martha E. Williams, Cullman, for Appellant.
No brief filed for Appellee.
YATES, Judge.
This is the second time this case has been before this court. See State ex rel. Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App. 1995). The trial court divorced the parties on December 18, 1992, awarding custody of the parties' daughter to the father, with liberal visitation to the mother. In August 1994, the father petitioned for increased child support; the mother answered and counterclaimed, asking the court to hold the father in contempt for his failure to allow the mother visitation. In December 1994, the court ordered that "the child will not, under any circumstances, visit with the [mother]" and that "[the mother] is relieved of her child support obligations." The father appealed: this court reversed the judgment, holding that "parental support is a fundamental right" and that, therefore, "the waiver of rights of visitation in exchange for release from the duty of child support is a legal impossibility." Id. at 518.
On remand, the trial court, on October 23, 1995, ordered the mother to maintain medical and dental insurance on the child and to pay child support, in accordance with the child support guidelines. Further, the court ordered the parties to follow the visitation schedule as set out in the original divorce judgment. In December 1995, the mother asked the court to find the father in contempt, alleging that the father was "not allowing" the child to visit her. The father answered that he or the paternal grandmother had "delivered the minor child to the designated meeting place ... on each Friday of said visitation" and that "even after delivery to the designated meeting place, the minor child will not leave the automobile without physical force. The minor child has an independent and strong aversion to visitation."
After a hearing, the court, on March 12, 1996, entered an order stating:
"1. The defendant is in direct criminal contempt of the order of this court dated October 20, 1995, for wilfully and intentionally interfering with visitation on 12 separate occasions. Each such occasion constitutes a separate contempt.

*403 "2. The defendant is hereby sentenced to 3 days in the county jail at hard labor for the use of Cullman County for each said contempt, being a total of 36 days at hard labor.
"3. The defendant shall serve 10 days of this sentence. The court will consider suspending the remainder provided the child commences and maintains regular visitation with her mother. Maintaining regular visitation according to the schedule shall be a special condition of the suspended sentence.
"4. From the date of this judgment forward the child ... is hereby ordered in her own right to exercise visitation with her mother according to the schedule, such that wilful or intentional refusal to visit on her part shall be treated as contempt of this court's order."
The next day, the court entered an order stating:
"[U]pon reconsideration of this court's order of March 12, 1996, and upon the plea of [the child] for her father's release and her agreement to immediately resume regular visitation with her mother, and after the [father] has served one day of his sentence, and upon the agreement of the [mother], the [father] is hereby ordered released from ... jail and the balance of his sentence is hereby suspended, being 35 days. This suspended sentence is specially conditioned upon the [father] and [the child] resuming and maintaining regularly scheduled visitation with the [mother]."
The father appeals, contending that the court erred in finding him in criminal contempt and in sentencing him to 36 days of hard labor.
Absent an abuse of discretion, or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, the determination of whether a party is in contempt of court is committed to the sound discretion of the trial court. Stack v. Stack, 646 So.2d 51 (Ala.Civ.App.1994). A party may be punished for criminal contempt of court only upon an adjudication based upon proof of guilt beyond a reasonable doubt. Ex parte J.R.W., 667 So.2d 88 (Ala.1995).
Contempt is divided into four classes: (1) direct, (2) indirect, or constructive, (3) criminal, and (4) civil. All civil and criminal contempt proceedings arising out of civil actions are now governed by Rule 70A, Ala. R. Civ. P., which defines "direct contempt" as "disorderly or insolent behavior or other misconduct committed in open court, in the presence of the judge, which disturbs the court's business," and which defines "criminal contempt" as:
"(i) Misconduct of any person that obstructs the administration of justice and that is committed either in the court's presence or so near thereto as to interrupt, disturb, or hinder its proceedings, or
"(ii) Willful disobedience or resistance of any person to a court's lawful writ, subpoena, process, order, rule, or command, where the dominant purpose of the finding of contempt is to punish the contemnor."
Rule 70A(a)(2)(A) and (a)(2)(C)(i)-(ii); see also, Lyman v. Jackson, 600 So.2d 334 (Ala. Civ.App.1992). If the circuit court properly finds a person in criminal contempt, the punishment is limited to a $100 fine and/or 5 days' confinement. §§ 12-1-10 and 12-11-30, Ala.Code 1975; Taylor v. Taylor, 560 So.2d 768 (Ala.Civ.App.1990).
The mother and daughter have visited only one weekend since 1992; the daughter, now age 15, testified that she does not speak to the mother by telephone; that her mother ignored her during the one weekend visit they had had; that during the time her parents were married she had had a bad relationship with the mother; and that she does not want to visit her mother overnight. All witnesses, including the father, the mother, and the daughter, testified that the daughter had voluntarily decided not to visit with the mother and that the father has complied with the October order by ensuring that the daughter meets the mother each Friday at 5:00 p.m. There was no evidence to indicate that the father has willfully or intentionally interfered with the visitation schedule.
We note the court's concern to establish a relationship between the daughter *404 and mother; however, the court must consider the best interests and welfare of the child, as well as the child's maturity and age. Clark v. Blackwell, 624 So.2d 610 (Ala.Civ. App.1993); French v. Lyford, 636 So.2d 437 (Ala.Civ.App.1994). The North Carolina Court of Appeals has dealt with a problem similar to the one we have here; in Mintz v. Mintz, 64 N.C.App. 338, 307 S.E.2d 391 (1983), that court held that it violated the custodial parent's due process rights to find that parent in contempt for the child's refusal to visit the noncustodial parent. That court also stated that, based on the child's age and maturity, a court could consider the child's willingness or unwillingness to visit in determining the best interests and welfare of the child. Although we recognize that a court has broad discretion in establishing and enforcing a child visitation schedule, and we note that the daughter is not a party to this appeal, we find no authority for the court to hold the daughter in contempt for failing to participate in overnight visitation.
While this court hopes that meaningful visitation will be established between the mother and the daughter, we conclude that the court abused its discretion in finding the father in contempt and in sentencing him to 36 days of hard labor. The judgment is reversed and the case is remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.
ROBERTSON, P.J., concurs in the result.
CRAWLEY, Judge, concurring specially.
While I concur in the majority's holding regarding the father's contempt, I cannot agree with the broad statement that a nonparty cannot be held in contempt. See Walker v. City of Birmingham, 279 Ala. 53, 64, 181 So.2d 493, 504 (1965), aff'd. on other grounds, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967) ("[I]n order to [hold] a person [in] contempt where he is not a party..., it must be shown clearly that he had knowledge of the order ... in such a way that it can be held that he understood it, and with that knowledge committed a willful violation of the order."). In addition, at least one other jurisdiction has held that a minor may be held in contempt for his failure to comply with a visitation order. In re Marriage of Marshall, 278 Ill.App.3d 1071, 215 Ill.Dec. 599, 607, 663 N.E.2d 1113, 1121 (3 Dist.1996) (affirming the trial court's holding that minors were in civil contempt, but reversing the trial court's order placing minor in juvenile detention).