JOANOS, Judge.
Appellant, the guardian ad litem for two minor children, challenges an order of the circuit court granting their mother’s emergency motion for contempt, enforcement and modification, insofar as it directly orders the children to comply with that order as well as all previous orders of the court. We reverse.
Following the dissolution of the parents’ marriage in 1986, the mother had primary residential responsibility for the minor children. In 1989, primary residential responsibility was changed to the father, with liberal visitation for the mother. The children relocated to New York and lived with their father. The mother was able to exercise visitation with the children until 1995, when the father began refusing to allow her to see the children. In 1996, the mother sought enforcement of visitation in the Florida circuit court[1]. The court found the father in contempt and ordered a certain period of visitation, however, the father did not comply.
The mother attempted to enforce visitation on several occasions, and ultimately sought modification of custody. Because of the father’s failure to facilitate visitation, his efforts to alienate the children, and his refusal to comply in any way with court orders, the court found that there had been a substantial change in circumstances, and changed primary residential responsibility to the mother. The father did not appeal this order.
The father and children remained in New York. The mother filed a motion to enforce and for contempt. The court withheld adjudication of contempt and ordered the father to deliver the children to the mother’s custody, and directed the children to accompany the father or his representative to their mother’s home in Pensacola, or if the mother had to travel to New York, to accompany their mother to Florida. The court further directly ordered the children to comply with that order and all previous orders of the court.
On motion for rehearing, the guardian ad litem contended that the court was without authority to order the children to perform any acts in the context of a chapter 61, Florida Statutes, proceeding. The court denied this motion for rehearing, ruling that the court had a duty to ensure the ultimate welfare and best interests of the children, the subject matter of the custody litigation was the children themselves, the court not only had jurisdiction of the parties but over the children as well, and it was within the court’s inherent power to enter such orders as are necessary to effectuate and enforce its prior orders.
On appeal, the guardian contends the children were not parties to the chapter 61 proceeding, and the case cited by the circuit court, Rich v. Rich, 214 So.2d 777 (Fla. 4th DCA 1968), does not support the court’s authority to issue an order directed to the children. The guardian points out that when a child is ordered to perform according to court order in a proceeding such as this one, the child is burdened with the possibility of being held in contempt for failure to comply. The guardian suggests that the child must be afforded legal assistance and be considered a party before being placed in that position.
Appellee contends that the court has authority to issue the order in question by virtue of its jurisdiction over the subject matter, its continuing jurisdiction to enforce custody and visitation matters, and its inherent contempt power when there is a refusal to comply with a court order. Further, ap-pellee points out that the court has contempt power over non-parties who knowingly interfere with valid court orders.
Our research has revealed two cases in which appellate courts have treated similar issues of the court’s authority to issue orders directed to children or to hold them in contempt in the context of dissolution proceedings or resulting enforcement proceedings, although neither case is directly on point. *409 See Shellhouse v. Bentley, 690 So.2d 401 (Ala.Civ.App.1997); In re Marriage of Marshall, 278 Ill.App.3d 1071, 668 N.E.2d 1113, 215 Ill.Dec. 599 (1996). We conclude that the circuit court does not have authority to issue an order directed to the children in this case. They are not parties to the dissolution enforcement proceedings. Appellee does not argue that the children have knowingly interfered with a valid court order and no such showing has been made. We find no source of authority for this order in the Rich case relied on by the circuit court. Finally, we observe that it is difficult enough for children to be caught in the middle of a parental dispute without also facing the threat of being held in contempt of court as well in this context.
The order appealed is REVERSED insofar as it purports to direct the minor children to comply.
WOLF and VAN NORTWICK, JJ., concur.

. At one point, an action was brought in New York through a guardian ad litem seeking to modify the Florida court's 1989 order by deleting the provision for visitation with the mother. Ultimately, the New York appellate court ruled that the New York court should have deferred to the Florida court, and could not exercise jurisdiction to modify the Florida order.