I concur in all the holdings of Judge Thompson's opinion except for the holding that the trial court abused its discretion in regard to the visitation provisions of the divorce judgment. I recognize that the judgment calls for a large amount of visitation and visitation costs for a Chicago-to-Baldwin County divorce situation. However, the mother testified that her husband, who had practiced law in Mobile, received a tremendous opportunity to practice law in Chicago and in Chicago received approximately five times the salary in he had earned in Mobile. It appears that the trial court found that the mother could well afford the costs of the ordered visitation.
I also recognize that every-other-weekend air flights from Chicago to Mobile involve a substantial amount of travel time. The trial court fashioned the order so that the adolescent daughters would not have to travel all those times; the judgment provides that the father, his wife, and the two sons could fly to Chicago, at the mother's expense, to satisfy the trial court's visitation orders. I am not convinced that the trial court abused its discretion with this visitation provision. See French v. Lyford, 636 So.2d 437
(Ala.Civ.App. 1994) (affirming the trial court's visitation provision requiring a three-year-old child to fly from Germany to the United States to have visitation with the noncustodial father).