Kenneth Ray Moody (the "father") and Patricia Moody Nagle (the "mother") were divorced in 1997. The divorce judgment awarded them joint legal custody of their three children. The judgment awarded the mother "primary physical custody," but stated that "it is contemplated that physical custody will be shared by the parties so that each shall have close to an equal duration time with the children." The parties began having visitation disputes, and the father stopped paying child support. The mother filed a petition asking the court to reduce the arrearage to a judgment, and the trial court did so. The mother then filed a contempt petition, raising allegations of visitation disputes; the father responded by filing a cross-petition asking that the mother be held in contempt, raising allegations of abuse. The father ultimately filed a petition for a custody modification, requesting sole physical custody of the children. He also requested a modification of child support. After a trial, the trial court denied the father's petition for custody modification, *Page 548 
recalculated child support, and stated that the father "is entitled to visitation at reasonable times and places and if the parties are unable to agree on any different visitation schedule, then the following standard visitation schedule will apply [schedule omitted here]." The father appeals, arguing only that the trial court abused its discretion by modifying visitation although, he says, it was not raised by the parties, the modification was not supported by the evidence, and the guardian ad litem recommended liberal visitation.
Trial courts have a wide degree of latitude in visitation matters.Anonymous v. Anonymous, 620 So.2d 43, 44 (Ala.Civ.App. 1993); Clark v.Blackwell, 624 So.2d 610, 611 (Ala.Civ.App. 1993); Caldwell v. Fisk,523 So.2d 464, 465 (Ala.Civ.App. 1988). The best interest of the child is the paramount consideration in a question of visitation. Anonymous,620 So.2d at 44; Clark, 624 So.2d at 611; Caldwell, 523 So.2d at 465.
The father argues that the parties did not raise the issue of visitation in their pleadings or by mutual assent at the trial. However, this court has previously held that "[b]y asking the court to decide the issue of custody, the father implicitly invoked the court's power to determine the related issue of visitation." Lewis v. Winslow,587 So.2d 1006, 1009 (Ala.Civ.App. 1991). The father's petition for custody, then, implicitly invoked the trial court's jurisdiction over the visitation issue, even if the issue was not raised in the pleadings.
The father also argues that the trial court's visitation order, which he says substantially reduces his visitation, was not supported by the evidence and was against the recommendation of the guardian ad litem appointed to represent the children. The recommendation of the guardian ad litem, which indicated that liberal visitation would be desirable, has no binding effect on the trial court; the guardian ad litem is entitled toargue his client's case to the court as is any other attorney in the case, but he is not delegated the authority of the court. See G.C. v.G.D., 712 So.2d 1091, 1095 (Ala.Civ.App. 1997); S.D. v. R.D.,628 So.2d 817, 818 (Ala.Civ.App. 1993). The trial court's visitation award allows for whatever visitation schedule the parties can agree to; the reference to the standard schedule appears to indicate that such a schedule would be in effect only if the parties could not devise a suitable alternative schedule. We see no error in the trial court's providing the standard visitation schedule as a "back-up" in the event the parties do not agree upon a visitation schedule.
The appellee's request for an attorney fee on appeal is denied.
The trial court's judgment is affirmed.
AFFIRMED.
Yates, P.J., concurs.
Thompson, J., concurs in the result.
Pittman and Murdock, JJ., dissent.