IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-754

Filed 20 June 2023

Surry County, No. 14 CVD 1118

ROBERT ALEXANDER JOHNSON, Plaintiff,

v.

NICOLE RENEE LAWING, Defendant.

Appeal by Defendant from order entered 27 January 2022 by Judge Frederick B. Wilkins, Jr., in Surry County District Court. Heard in the Court of Appeals 10 May 2023.

> *Schiller & Schiller, PLLC, by David G. Schiller, for Plaintiff-Appellee.*
>
> *J. Clark Fischer for Defendant-Appellant.*

> COLLINS, Judge.

Defendant appeals from the trial court's order dismissing her motion to show cause with prejudice and denying her motion to modify custody. Defendant argues that "the trial court abused its discretion by basing its ruling on matters not admitted into evidence and failing to make any findings about the wishes of the minor child and the expressed unhappiness of the child in his father's custody[.]" (capitalization altered). For the reasons stated herein, we affirm.

## I.    Procedural Background

On 15 June 2015, a final custody order was entered granting Plaintiff Robert

Johnson primary custody, and Defendant Nicole Lawing visitation, of their minor son, Ian.[1] The custody order was modified on 7 February 2018 to suspend Defendant's overnight visitation "as long as she is residing with [her] parents at their current home, and until she moves."

Defendant filed a motion to modify custody on 1 October 2021, alleging that there had been a substantial change in circumstances and that it was in the child's best interest to modify the custody order. Defendant also filed a motion to show cause based on Plaintiff's alleged failure to keep Defendant informed of Ian's medical and school appointments. Defendant alleged, inter alia, that:

> A. The defendant has moved . . . . The defendant has lived at the residence for several years and the residence is suitable and conducive to raising the minor child.
>
> . . . .
>
> E. The minor child has expressed a strong desire to live with the defendant. The minor child has begged the defendant to come live with her.
>
> F. The minor child has expressed that he does not see his dad, the plaintiff, very much and the plaintiff does not spend time with him. The plaintiff would not even allow the minor child to participate in sports unless the defendant paid for it. The plaintiff treats the child noticeably different than he does his other children.
>
> . . . .
>
> H. The minor child has had behavioral issues at school which the [defendant] believes is due to his living arrangements with the plaintiff's wife. . . .
>
> I. The plaintiff does not keep the defendant informed of

---

[1] We use a pseudonym to protect the identity of the minor child.

important appointments including doctor and school appointments which is a violation of the order.

J. On a couple of occasions the plaintiff has taken the minor child to see therapists and doctors because the minor child has expressed his desire to live with the defendant. The plaintiff did not disclose such appointments to the defendant in violation of the [c]ourt order. The plaintiff's actions are willful and without lawful excuse. . . .

After a hearing on 24 January 2022, the trial court entered a written order on 27 January 2022 dismissing Defendant's motion to show cause with prejudice and denying Defendant's motion to modify custody. Defendant timely appealed.

## II. Discussion

Defendant argues that "the trial court abused its discretion by basing its ruling on matters not admitted into evidence and failing to make any findings about the wishes of the minor child and the expressed unhappiness of the child in his father's custody[.]" (capitalization altered).[2]

A custody order may be modified upon a showing that there has been a "substantial change of circumstances affecting the welfare of the child[.]" *Pulliam v. Smith*, 348 N.C. 616, 619, 501 S.E.2d 898, 899 (1998); *see also* N.C. Gen. Stat. § 50-13.7(a) (2022) (establishing that a custody order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either

---

[2] Defendant does not argue that the trial court erred by dismissing her motion to show cause, and this argument is thus deemed abandoned. *See* N.C. R. App. P. 28(a) ("Issues not presented and discussed in a party's brief are deemed abandoned."); N.C. R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

party"). "The change in circumstances may have either an adverse or beneficial effect on the child." *Walsh v. Jones*, 263 N.C. App. 582, 587, 824 S.E.2d 129, 133 (2019) (citation omitted).

"The trial court's examination of whether to modify an existing child custody order is twofold. The trial court must determine whether there was a change in circumstances and then must examine whether such a change affected the minor child." *Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003). If the trial court determines that there has been a substantial change in circumstances that affects the welfare of the child, the court must then examine whether a change in custody is in the child's best interests. *Id.*

"We review an order for modification of custody to determine if the findings of fact are supported by substantial evidence and if the conclusions of law are supported by the findings; the trial court determines the credibility and weight of the evidence." *Walsh*, 263 N.C. App. at 588, 824 S.E.2d at 134 (citation omitted). "Unchallenged findings of fact are binding on appeal." *Scoggin v. Scoggin*, 250 N.C. App. 115, 118, 791 S.E.2d 524, 526 (2016) (quotation marks and citations omitted). "If the findings of fact and conclusions of law are supported, then we review the trial court's decision regarding custody for abuse of discretion." *Walsh*, 263 N.C. App. at 588, 824 S.E.2d at 134 (citation omitted).

### 1. *Counseling Records*

Defendant contends that "the trial court erred by considering records of the

minor child that were never introduced into evidence." (capitalization altered).

Here, the trial court made the following finding of fact:

> It is undisputed that on August 25, 2020, September 8, 2020, and October 6, 2020 the plaintiff transported the parties' son . . . to Jodi Province Counseling Services for therapy sessions . . . and did not notify defendant prior to such sessions occurring. It is likewise undisputed that the defendant on October 12, 2020 and November 6, 2020 consulted with the therapist and did not notify the plaintiff that she was having consultations regarding the parties' child prior to doing so. Defendant was invited to sessions by the therapist on October 12, 2020, and did thereafter attend the same. (See the Treatment Plan, Comprehensive Clinical Assessment, and Service Notes of Jodi Province Counseling Services, PLLC filed herein.) These sessions continued to May 26, 2021, at which time the sessions were terminated due to the child having met all treatment goals, and each of the parties hereto reporting no further concerns. The parties were advised that further sessions if needed were available, however no further counseling nor therapy has occurred. The Treatment Plan, Comprehensive Clinical Assessment, and Service Notes of Jodi Province Counseling Services, PLLC filed herein shall be and remain sealed, not to be opened without express permission of the Court.

There is no indication that the trial court considered the counseling records in denying Defendant's motion to modify the custody order. Rather, the reference to the counseling records directly addresses Defendant's contention in her motion to show cause that "[P]laintiff does not keep the defendant informed of important appointments including doctor and school appointments which is a violation of the order." The trial court's reference to the counseling records in its single order that

both dismissed Defendant's motion to show cause and denied Defendant's motion to modify custody did not amount to error.

### 2. Best Interests Determination

Defendant next contends that "the trial court's order is fatally flawed because it failed to consider the minor child's expressed wishes to live with his mother and unhappiness with the current custodial agreement." (capitalization altered).

"[A] custody order is fatally defective where it fails to make detailed findings of fact from which an appellate court can determine that the order is in the best interest of the child[.]" *Carpenter v. Carpenter*, 225 N.C. App. 269, 273, 737 S.E.2d 783, 787 (2013) (citation omitted). "The paramount consideration in matters of custody and visitation is the best interests of the child, and in determining such matters the trial judge may consider the wishes of a child of suitable age and discretion." *Reynolds v. Reynolds*, 109 N.C. App. 110, 112-13, 426 S.E.2d 102, 104 (1993) (quotation marks and citations omitted). "The expressed wish of a child of discretion is, however, never controlling upon the court, since the court must yield in all cases to what it considers to be for the child's best interests, regardless of the child's personal preference." *Clark v. Clark*, 294 N.C. 554, 577, 243 S.E.2d 129, 142 (1978). "The preference of the child should be based upon a considered and rational judgment, and not made because of some temporary dissatisfaction or passing whim or some present lure." *Id.*

Here, although the trial court concluded that "[t]here has been a change in the substantial circumstances of [Defendant,]" it also concluded that there was "no[] showing of how those changes will affect the bests interests of the minor child." In so concluding, the trial court made the following findings of fact:

> 10. The plaintiff does return from work each day, and the family sits and eats dinner together as a family, as has been their practice prior to and subsequent to the entry of the 2018 Order herein. The plaintiff describes his relationship with both the parties' child and his other children as loving, respectful, and good. He does keep all of his children in age appropriate activities and has attended to the emotional and educational needs of his son, [Ian], in an appropriate and timely manner.

> 11. [Ian] is a healthy 10 year-old boy who is very proud that he has had no cavities, is seldom sick, and who enjoys school. He is an A-B student, and has maintained that level this school year having brought all of his grades to A except for one B. He has only had four absences from school since kindergarten. He had one in first grade and three due to flu during the third grade, and he has never been tardy. The behavioral issues he experience[d] during first grade have been resolved, and each year he has had fewer minor behavior issues at school. He has always met or exceeded standards and progressed in all of his subjects, and is at or above grade level on his third grade End of Grade tests. Both his father and stepmother, and his mother review and assist him by going over his homework with him. He has expressed a desire to spend more time with his mother.

These findings show that the trial court considered [Ian's] testimony and his "desire to spend more time with his mother." However, the trial court also considered other evidence, including testimony from both parents, in concluding that "[a] modification

of the existing Orders regarding custody . . . is not necessary to promote or foster [Ian's] best interests." Accordingly, that the trial court did not assign more weight to the child's "expressed . . . desire to spend more time with his mother" did not amount to an abuse of discretion.

### III.    Conclusion

The trial court did not err by referencing the counseling records in its order. Furthermore, the trial court did not abuse its discretion in its best interests determination by failing to assign more weight to the child's wishes. Accordingly, the trial court's order is affirmed.

AFFIRMED.

Judges DILLON and STADING concur.